1  **MOSER LEGAL, PC**
   JANA M. MOSER (SBN 281073)
2  jana@moserlegal.com
   355 South Grand Ave.
3  Suite 2450 PMB#939
   Los Angeles, California 90071
4  Telephone:   (310) 295-0142
   Facsimile:   (323) 476-0130
5
6  Attorneys for Defendant
   CRYSTALSKY MULTIMEDIA
   MARKETING, INC.
7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  IBRAHEEM ABBAS, an individual,          Case No. 2:18-cv-07399-CBM-AFM

12        Plaintiff,                        [Assigned for all Purposes to the Hon.
                                            Consuelo B. Marshall, Courtroom 8B]
13        vs.
                                            **DEFENDANT CRYSTALSKY MULTIMEDIA**
14  VERTICAL ENTERTAINMENT,                 **MARKETING, INC.'S MOTION TO DISMISS**
    LLC; AYMAN JAMAL; BARAJOUN              **PURSUANT TO FEDERAL RULE OF CIVIL**
15  ENTERTAINMENT; RESNICK                  **PROCEDURE 12(B)(2) AND/OR (5) OR, IN**
    INTERACTICE DEVELOPMENT,                **THE ALTERNATIVE, QUASH SERVICE;**
16  LLC; CRIMSON MULTIMEDIA                 **[PROPOSED] ORDER**
    LTD.; GULF FILM, LLC; HUM
17  NETWORK, LTD.; CRYSTALSKY               Date:        May 7, 2019
    MULTIMEDIA MARKETING, INC.;             Time:        10:00 a.m.
18  JERIDOO UNIVERSE AGE;                   Courtroom:   8B
    MOVEMENT PICTURES; SUN                  Judge:       Hon. Consuelo B. Marshall
19  DISTRIBUTION GROUP; TIME-IN-
    PORTRAIT ENTERTAINMENT;                 Complaint Filed: August 23, 2018
20  LAKESHORE RECORDS, LLC,
                                            Trial Date: None Set
21        Defendants.

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 7, 2019 at 10:00 a.m. in Courtroom 8B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Crystalsky Multimedia Marketing, Inc. ("Crystalsky") will move the Court, by and through the Honorable Consuelo B. Marshall, for the following orders:

1. An order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction;

2. In the alternative, an order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process;

3. In the alternative, an order quashing service of the Complaint and Summons as to Crystalsky.

This motion is made after the diligent efforts of counsel for Plaintiff, Jana M. Moser, to conduct a conference of counsel pursuant to L.R. 7-3. The conference of counsel did not occur because counsel for Plaintiff, Michael S. Traylor, refused to meet and confer with Ms. Moser.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2), (5), 4(h), 4(f), the California Code of Civil Procedure, and relevant case law, the memorandum of points and authorities, the declarations of Jana M. Moser, Richard Suarez, Cherry M. Suarez, and Quennie Cruz Torres, and the exhibits filed concurrently therewith, all records on file in this action, and on any such other evidence as may properly come before the Court at or before the time of the hearing of this motion.

Dated: April 2, 2019                    MOSER LEGAL, PC

By: _____
     JANA M. MOSER
Attorney for Defendant CRYSTALSKY
MULTIMEDIA MARKETING, INC.

i

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................- 1 -

II.   PROCEDURAL HISTORY ...................................................- 2 -

    A.    Complaint and Summons ...........................................- 2 -

    B.    Plaintiff's Failure to Serve Crystalsky ...........................- 2 -

III.  STATEMENT OF FACTS .....................................................- 3 -

    A.    Crystalsky's Distribution Agreement ............................- 3 -

    B.    Crystalsky's Corporate Information...............................- 4 -

    C.    The Complaint and Summons Were Sent Via U.S.P.S. Registered Mail to an Address Unaffiliated With Crystalsky ...........................- 4 -

    D.    The Philippines is Not a Party to Treaties on Service of Process ....- 5 -

IV.   LEGAL ANALYSIS ............................................................- 5 -

    A.    The Court Should Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) ................................................- 5 -

        1.    Specific Jurisdiction................................................- 6 -

        2.    General Jurisdiction ..............................................- 12 -

    B.    The Court Should Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) ................................................- 13 -

        1.    Crystalsky Was Not Served Pursuant to Federal Rule of Civil Procedure 4(h).......................................................- 14 -

        2.    Crystalsky Was Not Served Pursuant to the California Code of Civil Procedure .................................................- 18 -

    C.    Should the Court Decline to Dismiss the Action, it Should Quash the Service as to Crystalsky ...............................................- 19 -

V.    CONCLUSION...................................................................- 20 -

ii

DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE

# <u>TABLE OF AUTHORITIES</u>

## CASES

*ADT Sec. Services, Inc. v. Security One Intern., Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670 (N.D. Cal. Aug. 17, 2012) ........................................................- 5 -

*Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093 (C.D. Cal. 2007) - 10 -

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848 (9th Cir. 1993).....- 13 -

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000) ..- 8 -

*Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) .....................- 6 -

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .........................................- 6 -

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986)..................................- 11 -

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010).- 9 -

*Calder v. Jones*, 465 U.S. 783 (1984) ...............................................................- 7 -

*CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958 (C.D. Cal. 2011) ........................................................................................................... passim

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1444 (9th Cir. 1987) ................................................................................ - 11 -, - 12 -

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984) .........................- 11 -

*Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982) ......................................- 20 -

*Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857 (9th Cir. 2003)...........- 9 -

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073 (C.D. Cal. 2003) ......................................................................... - 12 -, - 13 -

*Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*, No. C 09-00027 SBA, 2009 WL 506873 (N.D. Cal. Feb. 27, 2009)................................................ - 13 -, - 19 -

*Pac. Atlantic Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325 (9th Cir. 1985)- 11 -, - 12 -

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir.1998).......................- 7 -

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ..............................- 6 -

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)- 7 -, - 8 -

*Sinatra v. Nat'l Enquirer*, 854 F.2d 1191 (9th Cir. 1988)..................... - 10 -, - 11 -

*Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387 (9th Cir. 1976) ...............- 14 -

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995). ..........................- 12 -

iii

## STATUTES

Cal. Code Civ. P. § 410.10 ................................................................... - 6 -

Cal. Code Civ. P. § 413.10 .................................................................. - 18 -

Cal. Code Civ. P. § 415.40 .................................................................. - 19 -

## OTHER AUTHORITIES

*Status Table*, HCCH, https://www. hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Mar. 18, 2019) ............................................... - 15 -

*Signatories and Ratifications*, OAS, http://www.oas.org/juridico/ english/sigs/b-46.html (last visited Mar. 18, 2019) ..................................................................... - 15 -

## RULES

1997 Rules of Civil Procedure, As Amended ............................... - 3 -, - 15 -, - 17 -

Fed. R. Civ. P. 12 ................................................................................ - 5 -

Fed. R. Civ. P. 4 ...................................................................... - 14 -, - 17 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Crystalsky Multimedia Marketing, Inc. ("Crystalsky") is a media distribution company incorporated and based in the Philippines. In September 2016, Crystalsky entered into a distribution agreement with AMBI Distribution Corp. ("AMBI") to distribute certain licensed rights relating to *Bilal: A New Breed of Hero* in a single territory: the Philippines. Plaintiff Ibraheem Abbas ("Plaintiff") contends that he is the creator, sole owner and copyright owner for the *Bilal* intellectual property, and further contends that this copyright was infringed by several named defendants in connection with the story, screenplay, and production of *Bilal*. Rather than limit his suit only to those alleged direct infringers, however, Plaintiff adopted a scorched-earth approach to this litigation and named virtually every company who played any part in the monetization of the film, no matter how tenuous their connection to this matter or this forum. To date, Plaintiff has also failed his obligation to timely serve numerous of the foreign-entity defendants, including Crystalsky. As such, the Court should grant Crystalsky's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or (5) or, in the Alternative, Quash Service (the "Motion").

First, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. There is no specific jurisdiction because Plaintiff cannot meet his burden of showing (a) that Crystalsky purposefully directed its activities with this forum, or (b) that Crystalsky's purported intentional act of copyright infringement has "foreseeable effects" in this forum. Conversely, each of the seven factors relating to whether jurisdiction is "reasonable" weigh in Crystalsky's favor. As such, the Court may dismiss this action for lack of personal jurisdiction. Separately, there is no general jurisdiction because Crystalsky's contacts with this forum are neither continuous nor systematic.

- 1 -

Second, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. As set forth in greater detail below, Crystalsky was not served in compliance with Federal Rule of Civil Procedure 4(h) or 4(f), or with the California Code of Civil Procedure.

Finally, should the Court decline to dismiss this action, it should quash service of the Complaint and Summons as to Crystalsky for insufficient service of process.

## II.   PROCEDURAL HISTORY

### A.   Complaint and Summons

On August 23, 2018, Plaintiff filed his Complaint.

On September 4, 2018, the Court issued a 21-day Summons as to Crystalsky (among other defendants). *See* Summons (No. 12).

### B.   Plaintiff's Failure to Serve Crystalsky

On December 12, 2018, the Court ordered Plaintiff to show cause in writing on or before December 26, 2018 as to why this action should not be dismissed for lack of prosecution as to Crystalsky (among others). *See* Minute Order (No. 24).

On December 20, 2018, Plaintiff's counsel filed a declaration, stating, "The remaining non-answering Defendants are foreign entities which must be served via various treaties. Service of each is in process."[1] *See* Decl. of Pl.'s Counsel Michael S. Traylor ¶ 2 (No. 26).

On December 21, 2018, the Court vacated its Order to Show Cause and continued the Scheduling Conference to April 16, 2019. *See* Minute Order (No. 28).

On December 26, 2018, the Court ordered Plaintiff to file a proof of service or application for entry of default as to Crystalsky (among others) no later than January 31, 2019. *See* Minute Order (No. 30).

On February 1, 2019, Plaintiff's counsel filed a declaration, stating:

---

[1] In fact, this declaration was inaccurate as to Crystalsky who, as described in greater detail below, is not a party to any international treaty regarding service of process.

- 2 -

> I have been diligently conducting research and attempting to locate current, valid addresses for . . . Crystalsky Multimedia Marketing, Inc. . . In connection therewith, I am confident that each of these entities has received a courtesy copy of the Summons, Complaint, etc. via e-mail and/or facsimile however, clearly this does not constitute "service of process". However, I have been able to find little information on a valid address for each entity which will suffice for service of process.
>
> I have also been diligently researching the headquarters or residence of each of these entities to determine which treaties, if any, their respective countries may be a party to with the United States.

*See* Decl. of Pl.'s Counsel Michael S. Traylor ¶¶ 2-3 (No. 33).

On February 28, 2019, the Court granted Plaintiff leave to serve the remaining defendants, including Crystalsky, and further ordered Plaintiff to notify the Court of its efforts to serve the unserved defendants prior to the April 16, 2019 Scheduling Conference. *See* Minute Order (No. 35).

On March 26, 2019, Mr. Traylor emailed counsel for Crystalsky, Jana M. Moser, with a copy of the Proof of Service of Summons and Complaint, etc. on Defendant Crystalsky Multimedia (the "Crystalsky POS"). *See* Decl. of Jana M. Moser ("Moser Decl.") ¶ 3, Exs. 2-3. In the Crystalsky POS, Plaintiff contends that Crystalsky was served pursuant to Federal Rule of Civil Procedure section 4(f)(2)(A) by complying with rules of service set forth in Rules 13 and 14 of the 1997 Rules of Civil Procedure, As Amended (the "Philippines Rules of Civil Procedure"). *See id.* For the reasons set forth below, this service was improper.

## III.   STATEMENT OF FACTS

### A.   Crystalsky's Distribution Agreement

On or about September 22, 2016, Crystalsky entered into a distribution agreement with AMBI to distribute certain licensed rights relating to *Bilal: A New Breed of Hero* in a single territory: the Philippines. *See* Decl. of Richard Suarez ("Richard Suarez Decl.") ¶ 2, Ex. 1. The only parties to this agreement were Crystalsky and AMBI. *See id.*

## B.     Crystalsky's Corporate Information

Crystalsky was incorporated with the Securities and Exchange Commission of the Republic of the Philippines (the "Philippines SEC") on July 3, 2008. Richard Suarez Decl. ¶ 6, Ex. 2.

Since January 2018, Crystalsky's corporate address has been located at 1289 Laura Street, Panginay, Balagtas, Bulacan. *See* Richard Suarez Decl. ¶ 7. This address has been registered with the Philippines SEC since at least August 3, 2018. *See id.* Ex. 3. This address was also registered in connection with the company's Business Permit (also known as a Mayor's Permit)—one of the legal requirements to start a business in the Philippines—in 2018 and 2019. *See id.* Ex. 4.

Crystalsky's corporate directors and officers include the following persons:

- CEO/President: Richard Suarez
- Secretary/Treasurer: Cherry M. Suarez (Mr. Suarez's wife)
- Leopoldo T. San Juan: Member
- Benjamin Miranda Jr.: Member
- Jeffrey Julian Yaranon: Member

*See* Richard Suarez Decl. ¶ 8.

## C.     The Complaint and Summons Were Sent Via U.S.P.S. Registered Mail to an Address Unaffiliated With Crystalsky

Plaintiff mailed the Complaint and Summons via U.S.P.S. Registered Mail on February 11, 2019 to the following address: Richard Suarez, President and CEO, Crystalsky Multimedia, 2nd Floor McArthur Highway C., Mercado Street, Tuktukan, Guiguinto – Bulacan 3015, Philippines (the "Service Address"). *See* Richard Suarez Decl. ¶ 11, Ex. 5.

The Service Address is not affiliated with Crystalsky (though Crystalsky received mail there prior to changing its address with the SEC and Business Permits). *See* Richard Suarez Decl. ¶ 12. Rather, the Service Address is the former business address for Mr. Suarez's wife, Cherry M. Suarez, who owns a business called Cherry Miranda

- 4 -

Suarez Optical Clinic. *See id.*; *see also* Decl. of Cherry Suarez ("Cherry Suarez Decl.") ¶¶ 3-5.

The envelope was accepted by Quennie Cruz Torres, a sales associate who works for Ms. Suarez at her business address. *See* Decl. of Quennie Cruz Torres ("Torres Decl.") ¶ 2; Cherry Suarez Decl. ¶ 6. Ms. Torres has no affiliation with Crystalsky. *See* Torres Decl. ¶ 4; Cherry Suarez Decl. ¶ 6. Moreover, Ms. Torres did not sign for the envelope containing the Complaint and Summons. *See* Torres Decl. ¶ 3.

### D.   The Philippines is Not a Party to Treaties on Service of Process

The United States is a party to two international treaties on service of process, including (1) the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), and (2) the Additional Protocol to the Inter-American Convention on Letters Rogatory ("Additional Protocol").

The Philippines is not party to the Hague Service Convention. *See Status Table*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Mar. 18, 2019); *see also ADT Sec. Services, Inc. v. Security One Intern., Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, *2 (N.D. Cal. Aug. 17, 2012) ("The Philippines is not a signatory to the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents."). Likewise, the Philippines is not party to the Additional Protocol. *See Signatories and Ratifications*, OAS, http://www.oas.org/juridico/english/sigs/b-46.html (last visited Mar. 18, 2019).

## IV.   LEGAL ANALYSIS

### A.   The Court Should Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b) provides, in pertinent part: "[A] party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction." Fed. R.

- 5 -

Civ. P. 12(b)(2).[2] "In evaluating the appropriateness of personal jurisdiction over a nonresident defendant, courts ordinarily examine whether such jurisdiction satisfies the requirements of the applicable state long-arm statute and comports with federal due process." *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 967 (C.D. Cal. 2011) (internal brackets and quotations omitted) (citing *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011)). "Because California permits the exercise of personal jurisdiction to the full extent permitted by due process, courts need only determine whether jurisdiction over a defendant comports with due process." *Id.* (internal brackets and quotations omitted) (citing Cal. Code Civ. P. § 410.10). "For due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). "There are two types of personal jurisdiction: general and specific." *Id.* "Specific jurisdiction is only relevant if the defendant's contacts with the forum give rise to the cause of action before the court." *Id.* "By contrast, 'when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State,' the State is exercising 'general jurisdiction over the defendant.'" *Id.*

## 1.    Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must purposefully ***direct*** his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully ***avails*** himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

---

[2] "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

(2) the claim must be one which **arises out of or relates to the defendant's forum-related activities**; and [¶]

[(3)] the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it **must be reasonable**.

*CYBERsitter, LLC*, 805 F. Supp. 2d at 967 (emphasis added) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

### a)   Purposeful Availment or Direction

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *CYBERsitter, LLC*, 805 F. Supp. 2d at 968 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998)). "The phrase 'purposeful availment' includes both purposeful availment and purposeful direction, which are distinct concepts. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). "While a purposeful availment analysis is used in suits sounding in contract, a purposeful direction analysis is used in suits sounding in tort." *Id.* An action for copyright infringement "is often characterized as a tort." *Id.* (citing *Brayton*, 606 F.3d at 1128). "Purposeful direction is therefore the proper analytical framework in this case." *Id.*

"The Ninth Circuit evaluates purposeful direction using the three-part "*Calder*-effects" test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984)." *CYBERsitter, LLC*, 805 F. Supp. 2d at 968 (internal quotations omitted). "Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotations omitted).

### (1)     Intentional Act

Crystalsky does not dispute the Plaintiff's allegations, if true, constitute an intentional act. *See CYBERsitter, LLC*, 805 F. Supp. 2d at 969 (citing case law in support of the premise that reproducing copyrighted material is an intentional act).

### (2)     Expressly Aimed at the Forum State

"As a general principle, express aiming requires more than 'untargeted negligence' that merely happened to cause harm to a plaintiff." *CYBERsitter, LLC*, 805 F. Supp. 2d at 969-70 (citing *Schwarzenegger*, 374 F.3d at 807). "In general, the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.* at 970.

Here, Plaintiff is not a resident of California. As he alleges in his Complaint, "Plaintiff is a citizen and resident of Saudi Arabia." Compl. ¶ 1. As such, this case is distinguishable from those cases in which the "expressly aimed" prong was met as a result of intentional conduct aimed at a resident-plaintiff. *See, e.g.*, *CYBERsitter, LLC*, 805 F. Supp. 2d at 970 (finding the "expressly aimed" prong met where the plaintiff alleged willful copyright infringement and the defendant knew the plaintiff was a resident of California); *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (same). Moreover, Crystalsky's express aim in distributing the copyrighted material was local; Crystalsky's distribution agreement with AMBI is solely related to the Philippines. *See* Richard Suarez Decl. ¶ 2, Ex. 1 at Section 2. Crystalsky never distributed the copyrighted material in California, and Crystalsky had no reason to believe that any Californians would view the copyrighted material in the Philippines. *See id.* ¶ 3. Because Crystalsky's "express aim was local," its alleged actions were "not expressly aimed at California." *Schwarzenegger*, 374 F.3d at 807.

### (3)     Harm Likely to be Suffered in the Forum State

"To satisfy this prong, the brunt of the harm need not be suffered in the forum state, but only a jurisdictionally sufficient amount of harm." *CYBERsitter, LLC*, 805 F. Supp. 2d at 973. "This element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Id.*

Here, Plaintiff has not alleged that he is American or even a resident of California. *See* Compl. ¶ 1. As such, this case is distinguishable from those cases finding the "foreseeable harm" prong satisfied where the plaintiff was known to reside in the forum state. *See, e.g.*, *CYBERsitter, LLC*, 805 F. Supp. 2d at 973 (finding the "foreseeable harm" prong met where the plaintiff alleged that the defendants knew it was an American company and that their actions would cause injury to the plaintiff within California.); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010) (finding the "foreseeable harm" prong met in part because the defendant allegedly knew the plaintiff "was known to reside" in the forum state). Further, Crystalsky's distribution of the copyrighted materials is limited to the Philippines (Richard Suarez Decl. ¶ 3); as such, Plaintiff is unlikely to suffer harm by its use thereof in California.

### b)     Arise Out of or Relates to Defendant's Forum-Related Contacts

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's claim arises out of a defendant's forum-related contacts. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). This second prong is met if the plaintiff demonstrates that "but for" the defendant's contacts with California, the plaintiff's claim would not have arisen. *See id.*

Here, Crystalsky's only contact with California that purportedly gives rise to the current suit is the distribution agreement it entered into with AMBI.[3] But it is axiomatic

---

[3] Notably, AMBI is not a party to this case.

that "the fact that the defendant entered into a contract with a forum resident is not sufficient, standing alone, to establish purposeful availment." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1103 (C.D. Cal. 2007). Further, even if Plaintiff were correct that Crystalsky is liable for copyright infringement of the copyrighted material, the *effect* of that infringement is in the Philippines, not California. *See id.* ("In tort cases, courts exercise jurisdiction over defendants who have engaged in an act that has an effect in the forum state, even if the act itself takes place outside state boundaries.").

### c)      Reasonableness

"The exercise of jurisdiction is reasonable if it comports with traditional notions of fair play and substantial justice." *CYBERsitter, LLC*, 805 F. Supp. 2d at 973. The court considers seven factors in making this determination:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 974. "As no single factor is dispositive, a court must balance all seven." *Id.*

First, the "purposeful interjection . . . is analogous to the purposeful direction analysis discussed above." *Id.* (citing *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988)). For the reasons set forth above, this factor weighs in Crystalsky's favor.

Second, there is considerable burden on Crystalsky in defending in California, as its officers and members are all residents of the Philippines, and its witnesses and written evidence relating to the copyright transaction are all based in the Philippines. *See* Richard Suarez Decl. ¶¶ 4-5, 8-9. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national

- 10 -

DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE

borders." *Sinatra*, 854 F.2d at 1199. This is particularly true where, as here, Crystalsky has "maintained no physical presence or agent within the United States." *Id.*; *see also Pac. Atlantic Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1330 (9th Cir. 1985) (finding "considerable" burden where the distance between California and the defendant was "substantial," potential witnesses were most likely in the defendant's country, and the defendants did not appear to "travel regularly" between California and their country); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984) ("The burden on the defendants of defending in Arizona, as opposed to the Philippines, is potentially significant."). Accordingly, this factor weighs in favor of Crystalsky.

Third, there is conflict with the sovereignty of Crystalsky's state. "[A] foreign nation presents a higher sovereignty barrier than another state within the United States." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1444 (9th Cir. 1987); *see also Pac. Atlantic Trading*, 758 F.2d at 1330 ("Although there is no evidence in the record that Malaysia has explicitly voiced a sovereign interest in this case, when the nonresident defendant is from a foreign nation, rather than from another state in our federal system, the sovereignty barrier is higher, undermining the reasonableness of personal jurisdiction."). And as the Ninth Circuit has stated, "The government of the Philippines clearly has an interest in resolving disputes that involve its citizens." *Gates Learjet*, 743 F.2d at 1333. Accordingly, this factor weighs in favor of Crystalsky.

Fourth, California has no interest in adjudicating the suit because neither Plaintiff nor Crystalsky are California residents. *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986) (finding California had "a very limited interest in the resolution of the case" where the alleged torts took place in Utah and the injury took place in Arizona because, "[w]hile states have a strong interest in protecting their *own* citizens . . . California's interest in this case [was] clearly weaker"); *Sinatra*, 854 F.2d at 1200 ("California maintains a strong interest in providing an effective means of redress for its residents tortuously injured . . ."). Accordingly, this factor weighs in favor of Crystalsky.

Fifth, "[t]he site where the injury occurred and where evidence is located usually will be the most efficient forum." *Pac. Atlantic Trading*, 758 F.2d at 1331. Here, any injury suffered by Plaintiff by Crystalsky's distribution of the copyrighted material in the Philippines occurred *in* the Philippines. And as set forth above, Crystalsky's corporate officers, members, witnesses, and written evidence are all located in the Philippines. *See* Richard Suarez Decl. ¶¶ 4-5, 8-9. Accordingly, this factor weighs in favor of Crystalsky.

Sixth, "[t]here is no indication in the records or briefs that effective relief would be unavailable in" the Philippines. *Pac. Atlantic Trading*, 758 F.2d at 1331. Nor is there any evidence that Plaintiff's "recovery would be any less likely in a [Philippines] court of law." *Fed. Deposit Ins.*, 828 F.2d at 1445. Accordingly, this factor weighs in favor of Crystalsky.

Seventh, Plaintiff "must carry the burden of proving the unavailability of an alternative forum." *Pac. Atlantic Trading*, 758 F.2d at 1331. If Plaintiff fails to meet this burden, the Court "cannot conclude that [the plaintiff] has no alternative forum." *Id.*; *see also Fed. Deposit Ins.*, 828 F.2d at 1445 (noting the plaintiff bears the burden of "proving that it would be precluded" from suing the defendant outside of California).

## 2.    General Jurisdiction

"General jurisdiction over a non-resident defendant exists where the defendant's contacts are 'continuous and systematic,' and the exercise of jurisdiction satisfies 'traditional notions of fair play and substantial justice.'" *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1083 (C.D. Cal. 2003) (citing *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "The standard for establishing general jurisdiction is 'fairly high,' and requires that defendant's contacts be of the sort that 'approximate physical presence.'" *Id.* (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and *Bancroft*, 223 F.3d at 1086). "[T]he Ninth Circuit has regularly declined to find jurisdiction even in the presence of extensive contacts." *Id.*

(citing *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993)). "Factors to be taken into consideration in this analysis include whether the defendant is incorporated or licensed to do business in the forum state, has offices, property, employees or bank accounts there, pays taxes, advertises or solicits business, or makes sales in the state."

The Court should decline to find general jurisdiction over Crystalsky. First, Crystalsky is not incorporated or licensed to do business in California. *See* Richard Suarez Decl. ¶ 9. Crystalsky maintains neither offices, property, employees, nor bank accounts in California. *See id.* Crystalsky does not advertise in California. *See id.* Indeed, Crystalsky's only contacts with California relevant to the instant dispute was entering into a distribution agreement with AMBI. *See id.* ¶ 2. "Commercial contact absent other indicia of corporate presence is typically not sufficient to establish general jurisdiction." *Metro-Goldwyn-Mayer*, 243 F. Supp. 2d at 1084. As such, the Court should find that general jurisdiction is not available here.

### B. The Court Should Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b) provides, in pertinent part: "[A] party may assert the following defenses by motion: . . . (5) insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Once service of process has been challenged by the defendant, plaintiff bears the burden of proving valid service in accordance with Federal Rule of Civil Procedure 4." *Moletech Glob. Hong Kong Ltd. v. Pojery Trading Co.*, No. C 09-00027 SBA, 2009 WL 506873, at *1 (N.D. Cal. Feb. 27, 2009).

As set forth in greater detail below, Crystalsky was not served pursuant to Federal Rule of Civil Procedure 4. As such, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Moletech Glob.*, 2009 WL 506873, at *3 ("When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but to quash the service that has been made on the

- 13 -

defendant.") (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

### 1. Crystalsky Was Not Served Pursuant to Federal Rule of Civil Procedure 4(h)

Federal Rule of Civil Procedure 4(h) provides:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
(1) in a judicial district of the United States . . . or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(1)-(2).

### a) Rule 4(h)(1)

It is undisputed that Crystalsky has not been served in a judicial district of the United States. As such, Crystalsky has not been served pursuant to Federal Rule of Civil Procedure 4(h)(1).

### b) Rule 4(h)(2)

Crystalsky has likewise not been served pursuant to Federal Rule of Civil Procedure 4(h)(2), which in turn invokes the means of service pursuant to Rule 4(f). Subdivision (f) prescribes three means by which service may be effected:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).

### (1)     Rule 4(f)(1)

As explained in greater detail above, the Philippines is not party to the Hague Service Convention or the Additional Protocol. *See Status Table*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Mar. 18, 2019); *Signatories and Ratifications*, OAS, http://www.oas.org/juridico/ english/sigs/b-46.html (last visited Mar. 18, 2019). As such, Crystalsky cannot have been served pursuant to Rule 4(f)(1).

### (2)     Rule 4(f)(2)

### (a)     Rule 4(f)(2)(A)

### (i)     Service of Summons

With respect to Rule 4(f)(2)(A), Plaintiff did not serve Crystalsky pursuant to Philippine law for service in that country in an action in its courts of general jurisdiction. Philippine law concerning service of process of a summons is set forth in Rule 14 of the Philippines Rules of Civil Procedure. *See 1997 Rules of Civil Procedure*, REPUBLIC OF THE PHILIPPINES SENATE ELECTORAL TRIBUNAL, http://www.set.gov.ph/resources/revised-rules-of-court/1997-rules-of-civil-procedure/ (last visited Mar. 18, 2019). As Rule 14 provides:

**Section 6**. *Service in person on defendant.* – Whenever practicable, the summons shall be served by handling a copy thereof to the defendant in person, or, if he refuses to receive and sign for it, by tendering it to him.

**Section 7**. *Substituted service.* – If, for justifiable causes, the defendant cannot be served within a reasonable time as provided in the preceding section, service may be effected (a) by leaving copies of the summons at the defendant's residence with some person of suitable age and discretion then residing therein, or (b) by leaving the copies at defendant's office or regular place of business with some competent person in charge thereof.

**Section 11**. *Service upon domestic private juridical entity.* – When the defendant is a corporation, partnership or association organized under the

- 15 -

laws of the Philippines with a juridical personality, service may be made on the president, managing partner, general manager, corporate secretary, treasurer, or in-house counsel.

*Id.*

Here, Plaintiff did not serve Crystalsky in accordance with Section 6, or by "service in person." Richard Suarez Decl. ¶ 13. Plaintiff likewise did not serve Crystalsky in accordance with Section 7, as copies of the Complaint and Summons were neither left at Crystalsky's "residence," nor at Crystalsky's "office or regular place of business with some competent person in charge thereof." *Id.* ¶¶ 11-14. Rather, the Complaint and Summons were mailed to Ms. Suarez's former business address and accepted by her sales associate, Ms. Torres. *See* Cherry Suarez Decl. ¶¶ 3-5; Torres Decl. ¶ 3. Finally, Plaintiff did not serve Crystalsky in accordance with Section 11, or by service on its president, managing partner, general manager, corporate secretary, treasurer, or in-house counsel. While Ms. Suarez is Crystalsky's Secretary and Treasurer, the Complaint and Summons were mailed to her private business at an address unaffiliated with Crystalsky, and accepted by an employee unaffiliated with Crystalsky. *See* Cherry Suarez Decl. ¶¶ 3-6; Torres Decl. ¶ 4.

### (ii)    Service of Pleading

In the Crystalsky POS, Plaintiff contends that Crystalsky was served pursuant to Rules 13 and 14 of the Philippines Rules of Civil Procedure. For the reasons set forth above, Crystalsky was not served pursuant to Rule 14.[4]

With respect to Rule 13, Plaintiff contends service was effected pursuant to the following sections:

**Section 5**. Modes of service. — Service of pleadings motions, notices, orders, judgments and other papers shall be made either personally or by mail.

---

[4] In the Crystalsky POS, Plaintiff contends that Crystalsky was served pursuant to Rule 14, Section 12 of the Philippines Rules of Civil Procedure; that section is inapposite, as Crystalsky is not a "foreign private juridical entity" (i.e., a foreign corporation); rather, Crystalsky is a Philippines corporation. Richard Suarez Decl. ¶ 6.

- 16 -

> **Section 6**. Personal service. — Service of the papers may be made by delivering personally a copy to the party or his counsel, or by leaving it in his office with his clerk or with a person having charge thereof. If no person is found in his office, or his office is not known, or he has no office, then by leaving the copy, between the hours of eight in the morning and six in the evening, at the party's or counsel's residence, if known, with a person of sufficient age and discretion then residing therein.

> **Section 7**. Service by mail. — Service by registered mail shall be made by depositing the copy in the post office in a sealed envelope, plainly addressed to the party or his counsel at his office, if known, otherwise at his residence, if known, with postage fully prepaid, and with instructions to the postmaster to return the mail to the sender after ten (10) days if undelivered. If no registry service is available in the locality of either the senders or the addressee, service may be done by ordinary mail.

Moser Decl. ¶ 3, Ex. 3. Plaintiff is incorrect.

As an initial matter, Rule 13 pertains to "Filing and Service of Pleadings, Judgments and Other Papers"—not "Summons." *Compare* Rule 13, *with* Rule 14. Further, the rules set forth in Rule 13 do not pertain to "those for which a different mode of service is prescribed." *See* Section 1, Rule 13.

Second, Section 6 of Rule 13 is inapposite, as Plaintiff does not contend Crystalsky was served via personal service (nor was Crystalsky in fact personally served). *See* Richard Suarez Decl. ¶ 13.

Finally, Section 7 is equally unavailing for the reasons set forth above—namely, that the Complaint and Summons were not served on Crystalsky's "office" or "residence," but rather on Ms. Suarez's private business address. *See* Richard Suarez Decl. ¶¶ 11-12; Cherry Suarez Decl. ¶¶ 3-5.

### (b)     Rule 4(f)(2)(B)

With respect to Rule 4(f)(2)(B), Plaintiff did not effect service at the direction of Philippine authorities in response to a letter rogatory or letter of request. As such, Crystalsky cannot have been served pursuant to Rule 4(f)(2)(B).

- 17 -

### (c)   Rule 4(f)(2)(C)

With respect to Rule (f)(2)(C)(i), Plaintiff did not personally serve Crystalsky or its president, managing partner, general manager, corporate secretary, treasurer, or in-house counsel. *See* Suarez Decl. ¶ 13; *see also* Philippines R. Civ. P. 14, Section 11. Moreover, Rule 4(h) specifically excludes "personal delivery under (f)(2)(C)(i)." *See* Fed. R. Civ. P. 4(h)(2). As such, Crystalsky was not served pursuant to Rule 4(f)(2)(C)(i).

Finally, with respect to Rule (f)(2)(C)(ii), the envelope containing the Complaint and Summons was not addressed and sent by the clerk, nor did the mailing require a signed receipt. *See* Torres Decl. ¶ 3. As such, Crystalsky cannot have been served pursuant to Rule 4(f)(2)(C)(ii). *See Ansell Healthcare, Inc. v. Maersk Line*, 545 F. Supp. 2d 339, 342 (S.D.N.Y. 2008) (finding service pursuant to Rule 4(f)(2)(C)(ii) defective "because Plaintiffs' counsel, not the Clerk of the Court, initiated service upon [the defendant] through registered/certified mail.").

### (3)   Rule 4(f)(3)

Plaintiff has not obtained a court order pertaining to the service of Crystalsky. As such, Crystalsky cannot have been served pursuant to Rule 4(f)(3).

### 2.   Crystalsky Was Not Served Pursuant to the California Code of Civil Procedure

California Code of Civil Procedure section 413.10 provides, in pertinent part, that summons shall be served on a person:

> Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory. These rules are subject to the provisions of the Convention on the "Service Abroad of Judicial and Extrajudicial Documents" in Civil or Commercial Matters (Hague Service Convention).

Cal. Code Civ. Proc. § 413.10(c).

Crystalsky was not served pursuant to any means set forth in California Code of Civil Procedure section 413.10. First, the Court has not "directed" any means of service as to Crystalsky. *See* Cal. Code Civ. Proc. § 413.10(c). Second, Crystalsky was not served "as prescribed by the law of the place where the person is served" for the reasons set forth above. *See id.* Third, Crystalsky was not served "as directed by the foreign authority in response to a letter rogatory." *See id.* Finally, Crystalsky is not party to the Hague Service Convention. *See id.*

To the extent Plaintiff argues that Crystalsky was served pursuant to California Code of Civil Procedure section 415.40 via mail, this argument fails. As that statute provides:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint **to the person to be served** by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Code Civ. Proc. § 415.40 (emphasis added).

Here, the envelope containing the Complaint and Summons was sent to an address unaffiliated with Crystalsky. Richard Suarez Decl. ¶¶ 11-12. As such, it was not mailed "to the person to be served." Cal. Code Civ. Proc. § 415.40.

Because Plaintiff failed to comply with the requirements for service under the California Code of Civil Procedure, the Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5).

### C. Should the Court Decline to Dismiss the Action, it Should Quash the Service as to Crystalsky

"When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but to quash the service that has been made on the defendant." *Moletech Glob.*, 2009 WL 506873, at *3.

Should the Court decline to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5), it should quash the service as to Crystalsky. "Defendants must be

- 19 -

served in accordance with Rule 4 . . . of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted).

## V.   CONCLUSION

For the forgoing reasons, Crystalsky respectfully requests that the Court dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or (5) or, in the alternative, quash service as to Crystalsky.


Dated:  April 2, 2019                    MOSER LEGAL, PC


By: _____
       JANA M. MOSER

Attorney for Defendant CRYSTALSKY
MULTIMEDIA MARKETING, INC.

## [PROPOSED] ORDER

Defendant Crystalsky Multimedia Marketing, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or (5) or, in the Alternative, Quash Service, came on regularly for hearing on _____, 2019 at 10:00 a.m. before the honorable Consuelo B. Marshall in Courtroom 8B of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012. Jana M. Moser appeared on behalf of Crystalsky. _____ appeared on behalf of Plaintiff Ibraheem Abbas.

After full consideration of the papers filed in support of and in opposition to the motion, the declarations, supporting evidence and other documents on file herein, and the oral argument of counsel, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Crystalsky's motion to dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. There is no specific jurisdiction because Plaintiff cannot meet his burden of showing (a) that Crystalsky purposefully directed its activities with this forum, or (b) that Crystalsky's purported intentional act of copyright infringement has "foreseeable effects" in this forum. Conversely, each of the seven factors relating to whether jurisdiction is "reasonable" weigh in Crystalsky's favor. As such, the Court may dismiss this action for lack of personal jurisdiction. Separately, there is no general jurisdiction because Crystalsky's contacts with this forum are neither continuous nor systematic.

2.      Crystalsky's motion to dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Crystalsky was not served in compliance with Federal Rule of Civil Procedure 4(h) or 4(f), or with the California Code of Civil Procedure.

/ / /

**SO ORDERED.**

Dated: _____, 2019                    By: _____

                                                        Hon. Consuelo B. Marshall

1

### PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue, Suite 2450 PMB#939, Los Angeles, California 90071.

4

5

On April 2, 2019, I served documents on the interested parties in this action as follows:

6

**DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE; [PROPOSED] ORDER**

7

8

**DECLARATION OF RICHARD SUAREZ IN SUPPORT OF DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE**

9

10

**DECLARATION OF CHERRY M. SUAREZ IN SUPPORT OF DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE**

11

12

**DECLARATION OF QUENNIE CRUZ TORRES IN SUPPORT OF DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE**

13

14

**DECLARATION OF JANA M. MOSER IN SUPPORT OF DEFENDANT CRYSTALSKY MULTIMEDIA MARKETING, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) AND/OR (5) OR, IN THE ALTERNATIVE, QUASH SERVICE**

15

16

☒      By placing true copies enclosed in a sealed envelope addressed to each addressee as follows:

17

18

Michael S. Traylor
Michael Traylor Law Offices
9018 Balboa Blvd., Suite 352
Northridge, CA 91325
traylorlawoffice@gmail.com

*Attorneys for Plaintiff Ibraheem Abbas*

19

20

21

Dylan J. Price
Sheppard Mullin Richter and Hampton LLP
1901 Avenue of the Star, Suite 1600
Los Angeles, CA 90067
dprice@smrh.com

*Attorneys for Defendant Vertical Entertainment, LLC*

22

23

24

J. Barrett Marum
James M. Chadwick
Dylan J. Price
Sheppard Mullin Richter and Hampton LLP
1901 Avenue of the Star, Suite 1600
Los Angeles, CA 90067

*Attorneys for Defendant Resnick Interactice Development, LLC*

25

26

27

28

1   bmarum@sheppardmullin.com
    jchadwick@sheppardmullin.com
2   dprice@smrh.com

3   Stephen R. Mick                          *Attorneys for Defendant Lakeshore Records,*
    Barnes and Thornburg LLP                 *LLC*
4   2029 Century Park East, Suite 300
    Los Angeles, CA 90067
5   smick@btlaw.com

6   ☒       BY MAIL:

7           ☒       I deposited each envelope in the mail at Los Angeles, California, with postage thereon
8                   fully prepaid.

9           ☐       I am "readily familiar" with the firm's practice for collection and processing
                    correspondence for mailing with the U.S. Postal Service.  Under that practice, and in the
10                  ordinary course of business, correspondence would be deposited with the U.S. Postal
                    Service on that same day with postage thereon fully prepaid at our business address in
11                  Santa Monica, California.  Each of the above envelopes was sealed and placed for
                    collection and mailing on that date following ordinary business practices.
12

    Executed on April 2, 2019 at Los Angeles, California.
13
            ☐       STATE       I declare under penalty of perjury under the laws of the State of
14                  California that the foregoing is true and correct.

15          ☒       FEDERAL     I declare that I am employed in the office of a member of the bar of this
                    Court at whose direction the service was made.
16

    Jana M. Moser
17

18

19

20

21

22

23

24

25

26

27

28