SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
jchadwick@sheppardmullin.com
DYLAN J. PRICE, Cal. Bar No. 258896
dprice@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Specially Appearing Defendants
BARAJOUN ENTERTAINMENT FZ
LLC and AYMAN JAMAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IBRAHEEM ABBAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERTICAL ENTERTAINMENT, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-7399-CBM-AFM<br><br>**SPECIALLY APPEARING DEFENDANTS BARAJOUN ENTERTAINMENT FZ LLC AND AYMAN JAMAL'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)**<br><br>[*Compendium of Exhibits, Declarations of Dylan J. Price, Ayman Jamal, Dr. Qaisar Hamed Metawea and Abdelaziz Ahmed Alrasheed, Request for Judicial Notice, Notice of Lodging and [Proposed] Order filed concurrently herewith*]<br><br>Date:　　May 28, 2019<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 8B<br>Judge:　　The Honorable Consuelo B. Marshall<br><br>Complaint filed:  August 23, 2018<br>Trial Date:  None set |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 28, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Consuelo B. Marshall presiding, Specially Appearing Defendants Barajoun Entertainment FZ LLC and Ayman Jamal (collectively, the "Barajoun Defendants") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(b) and the doctrine of forum *non conveniens*, for an order dismissing Plaintiff Ibraheem Abbas' ("Plaintiff") Complaint.

The Barajoun Defendants' Motion is made:

(1)     Pursuant to Rule 12(b)(1) for lack of standing, on the grounds that Plaintiff lacks standing to bring his copyright infringement claims because: (a) he lacks ownership over the copyrighted works at issue; and (b) he is judicially estopped from claiming ownership over the works based on his claims in a lawsuit in Saudi Arabia that the works were developed and owned by the Saudi company VisualizIt a/k/a Baloura; or, alternatively,

(2)     Pursuant to Rule 12(b)(6) based on statute of limitations, on the grounds that the gravamen of Plaintiff's copyright infringement claims is that of copyright ownership; and, because Plaintiff's claim of copyright ownership is barred by the applicable three-year statute of limitations, Plaintiff's related infringement claims are also time barred; or, alternatively,

(3)     Pursuant to Rule 12(b)(2) for lack of personal jurisdiction, on the grounds that the Barajoun Defendants do not have sufficient "minimum contacts" with California to enable this Court to exercise jurisdiction over them consistent with the Due Process Clause of the Fourteenth Amendment and, further, because any

exercise of personal jurisdiction over the Barajoun Defendant's would be unreasonable; or, alternatively,

(4)   Pursuant to the doctrine of forum *non conveniens*, on the grounds that Saudi Arabia and/or the United Arab Emirates ("UAE") are suitable alternative forums and the private and public interest factors favor dismissing this action, as to the Barajoun Defendants, and staying it, as to any remaining defendants; or, alternatively,

(5)   Pursuant to Rule 12(b)(5) for insufficient service of process, on the grounds that the Barajoun Defendants were not served with process in compliance with Rule 4 of the Federal Rules of Civil Procedure or UAE law.

This Motion is made following the conference of counsel pursuant to C.D. Cal. Local Rule 7-3, which took place on April 9, 2019.  [Declaration of Dylan J. Price, ¶ 2.]

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and the concurrently filed Declarations of Dylan J. Price, Ayman Jamal, Dr. Qaisar Hamed Metawea and Abdelaziz Ahmed Alrasheed, Compendium of Exhibits (and exhibits attached thereto), Request for Judicial Notice (and exhibits subject thereto) and Notice of Lodging (and exhibits lodged pursuant thereto), as well as all pleadings, papers and other documentary materials in the Court's file for this action, any other matters of which this Court may or must take judicial notice, and such other matters as this Court may consider.

1   Dated:  April 23, 2019

2                                           SHEPPARD,  MULLIN,  RICHTER  &  HAMPTON
3                                           LLP

4

5                                           By _____
                                                        */s/ Dylan J. Price*
6                                                    JAMES M. CHADWICK
7                                                    DYLAN J. PRICE
                                            Attorneys for Specially Appearing Defendants
8                                              BARAJOUN ENTERTAINMENT FZ LLC
                                                    and AYMAN JAMAL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................. 12

II.   FACTUAL BACKGROUND .............................................................. 13
      A.    The Barajoun Defendants ................................................. 13
      B.    Plaintiff and His Employment at VisualizIt .......................... 14
      C.    Defendant Jamal and the Idea for a Bilal Film ..................... 14
      D.    Barajoun and the Picture .................................................. 15
      E.    The Saudi Litigation ........................................................ 16
      F.    Plaintiff's Complaint ....................................................... 17

III.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF
      STANDING UNDER RULE 12(B)(1) ................................................. 18
      A.    Any Contribution by Plaintiff to the Bilal Properties Was Owned by
            VisualizIt Under Saudi Law, and Therefore Is Owned by Barajoun ............. 19
      B.    Plaintiff Is Estopped From Claiming Ownership of the Bilal Properties .
            ....................................................................................... 20

IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE
      12(b)(6) BECAUSE THEY ARE BARRED BY THE STATUTE OF
      LIMITATIONS .............................................................................. 21

V.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE
      12(B)(2) BECAUSE THE COURT LACKS PERSONAL
      JURISDICTION OVER THE BARAJOUN DEFENDANTS, AND
      EVEN IF IT DOES THE LITIGATION SHOULD BE DISMISSED OR
      STAYED .................................................................................... 23
      A.    There Is No Basis for Exercising Personal Jurisdiction Over the
            Barajoun Defendants ....................................................... 23
      B.    Plaintiff's Complaint Does Not State Facts Sufficient to Establish
            Personal Jurisdiction Over the Barajoun Defendants ...................... 24
      C.    The Facts Demonstrate That the Court Lacks Personal Jurisdiction
            Over the Barajoun Defendants ............................................ 25
            1.    There Is No General Jurisdiction Over the Barajoun Defendants 25
            2.    There Is No Specific Jurisdiction Over the Barajoun Defendants 25
                  a.  The Barajoun Defendants Did Not Purposefully Direct Any
                      Activities Toward California Residents ..................... 26
                  b.  Plaintiff's Claims Do Not Arise Out of or Relate to Any
                      Contacts by the Barajoun Defendants' with California ............. 28
                  c.  The Exercise of Jurisdiction Over the Barajoun Defendants
                      Would Be Unreasonable .................................... 29
      D.    Alternatively, the Court Should Dismiss This Action as to the Barajoun
            Defendants and Stay It as to the Remaining Defendants) on Grounds of
            *Forum Non Conveniens* .................................................. 32
            1.    Saudi Arabia and the UAE Are Adequate Alternative Forums .... 32
            2.    The Private Interest Factors Favor Resolution of This Case in Saudi
                  Arabia or the UAE ........................................... 33

3.   Public Interest Factors Favor Resolution of This Case in Saudi Arabia or the UAE ....................................................................................34

4.   The Court Should Dismiss This Case As to the Barajoun Defendants and Stay the Case As to the Other Defendants .....................................34

VI.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(5) BASED ON INSUFFICIENT SERVICE OF PROCESS................36

VII.   CONCLUSION ...............................................................................................36

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Aalmuhammed v. Lee*
   202 F.3d 1227 (9th Cir. 2000) ............................................................... 21

*Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*
   1 F.3d 848 (9th Cir. 1993) ..................................................................... 30

*Artec Group, Inc. v. Klimov*
   186 F.Supp.3d 1002 (N.D. Cal. 2006) ................................................... 36

*Asahi Metal Indus. v. Superior* Court
   480 U.S. 102 (1987) ......................................................................... 29, 30

*Avago Technologies General IP Pre Ltd. v. Elan Microelectronics
Corp.*
   2007 WL 1140450 (N.D. Cal. April 17, 2007) ...................................... 33

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*
   874 F.3d 1064 (9th Cir. 2017) ............................................................... 26

*Ballard v. Savage*
   65 F.3d 1495 (9th Cir. 1995) ................................................................. 28

*Bos. Telecomms. Grp., Inc. v. Wood*
   588 F.3d 1201 (9th Cir. 2009) ............................................................... 32

*Brayton Purcell LLP v. Recordon & Recordon*
   606 F.3d 1124 (9th Cir.2010) ................................................................ 26

*Bristol-Myers Squibb Co. v. Superior Court of California, San
Francisco Cty.*
   137 S. Ct. 1773 (2017) ....................................................................... 24, 29

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985) ............................................................................... 30

*Calder v. Jones*
   465 U.S. 783 (1984) ........................................................................... 26, 27

*Carsey-Werner Company, LLC v. British Broadcasting Corporation*
   2018 WL 1083550 (C.D. Cal. Feb. 23, 2018) ....................................... 28

*Core-Vent Corp. v. Nobel Indus.*
  11 F.3d 1482 (9th Cir. 1993) ............................................................ 29, 30

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*
  61 F.3d 696 (9th Cir. 1995) .................................................................. 34

*Daimler AG v. Bauman*
  571 U.S. 117 (2014) ...................................................................... 23, 25

*Dole Food Co., Inc. v. Watts*
  303 F.3d 1104 (9th Cir. 2002) ............................................................ 26

*Dos Santos v. Telemundo Communications Group, LLC*
  2012 WL 9503003 (C.D. Cal., Dec. 19, 2012)...................................... 28

*Edwards v. Vemma Nutrition*
  2018 WL 3497084 (D. Ariz. July 20, 2018) ........................................ 27

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915 (2011) ...................................................................... 24, 25

*Ham v. La Cienega Music Co.*
  4 F.3d 413 (5th Cir., 1993) .................................................................. 28

*Hamilton v. State Farm Fire & Cas. Co.*
  270 F.3d 778 (9th Cir. 2001) .............................................................. 21

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*
  328 F.3d 1122 (9th Cir. 2003) ............................................................ 29

*Int'l Shoe Co. v. State of Wash, Office of Unemployment Comp. &*
  *Placement*
  326 U.S. 310 (1945) ............................................................................ 24

*Jeha v. Arabian Am. Oil Co.*
  751 F. Supp. 122 (S.D. Tex. 1990), *aff'd*, 936 F.2d 569 (5th Cir.
  1991) ................................................................................................ 32

*Leventhal v. Schenberg*
  917 F.Supp.2d 837 (N.D. Ill. 2013)...................................................... 21

*Love v. Associated Newspapers, Ltd.*
  611 F.3d 601 (9th Cir. 2010) .............................................................. 26

*Lueck v. Sundstrand Corp.*
    236 F.3d 1137 (9th Cir. 2001) ................................................................32, 33, 34

*Marya v. Warner/Chappell Music, Inc.*
    131 F. Supp. 3d 975 (C.D. Cal. 2015) .................................................................20

*McDonough v. Fallon McElligott, Inc.*
    1996 WL 753991 (S.D. Cal., Aug. 5, 1996)........................................................28

*Medinah Mining, Inc. v. Amunategui*
    237 F.Supp.2d 1132 (D. Nev. 2002) ...................................................................27

*Mostowfi v. i2 Telecom Intern., Inc.*
    269 Fed.Appx. 621 (9th Cir. 2008) .....................................................................20

*Murray* v. *British Broadcasting Corp.*
    81 F.3d 287 (2d Cir. 1996) ...........................................................................35, 36

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*
    2009 WL 1658017 (S.D. Tex. June 12, 2009) ....................................................36

*Pacific Atl. Trading Co. v. M/V Main Express*
    758 F.2d 1325 (9th Cir. 1985) ................................................................27, 30, 31

*Piper Aircraft Co. v. Reyno*
    454 U.S. 235 (1981) .............................................................................................32

*Precision Transducer Systems v. STFO Trading LLC*
    2009 WL 10700319 (C.D. Cal. Oct. 15, 2009) ...................................................24

*Rano v. Sipa Press, Inc.*
    987 F.2d 580 (9th Cir. 1993) ...............................................................................28

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*
    733 F.3d 1251 (9th Cir. 2013) ................................................................21, 22, 23

*Shields v. Mi Ryung Const. Co.*
    508 F.Supp. 891 (S.D.N.Y 1981) ........................................................................34

*Silvers v. Sony Pictures Entertainment, Inc.*
    402 F.3d 881 (9th Cir.2005) (en banc) ................................................................18

*Silverstein v. Experienced Internet.com, Inc.*
    2005 WL 1629935 (N.D. Cal. July 11, 2005) .....................................................24

*Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*
    549 U.S. 422 (2007) ........................................................................... 32

*Skilstaf, Inc. v. CVS Caremark Corp.*
    669 F.3d 1005 (9th Cir. 2012) ........................................................... 23

*Televisa, S.A. de C.V. v. Koch Lorber Films*
    382 F.Supp.2d 631 (S.D.N.Y. 2005) ................................................. 35

*UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*
    581 F.3d 210 (5th Cir. 2009) ............................................................. 32

*Walden v. Fiore*
    571 U.S. 277 (2014) ........................................................................... 25

*Warren v. Fox Family Worldwide*
    171 F.Supp.2d 1057 (C.D.Cal.2001) ................................................. 19

*Warren v. Fox Family Worldwide, Inc.*
    328 F.3d 1136 (9th Cir. 2003) ........................................................... 20

*Whaley v. Belleque*
    520 F.3d 997 (9th Cir. 2008) ............................................................. 20

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ........................................................... 19

*White v. Warner-Tamerlane Publishing Corp.*
    2017 WL 4685542 (C.D. Cal. May 22, 2017) .............................. 22, 23

*World–Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1980) ........................................................................... 24

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
    379 F.3d 1120 (9th Cir. 2004) ........................................................... 26

*Zherebko v. Reutskyy*
    2013 WL 4407485 (N.D. Cal., Aug. 12, 2013) ................................. 27

Statutes

17 U.S.C. § 411(b)(1)(A) ......................................................................... 20

17 U.S.C. § 411(b)(2) ............................................................................... 20

17 U.S.C. § 501(b) ................................................................................. 18, 19

28 U.S.C. § 1883 ........................................................................................ 33

Cal. Code Civ. Proc. § 410.10 .................................................................... 23

<u>Other Authorities</u>

Fed. R. Civ. Proc. 4 ................................................................................ 3, 13

Fed. R. Civ. Proc. 4(f)(2)(A) ...................................................................... 36

Fed. R. Civ. Proc. 7-3 .................................................................................. 3

Fed. R. Civ. Proc. 12(b) ............................................................................... 2

Fed. R. Civ. Proc. 12(b)(1) .............................................................. 2, 18, 19

Fed. R. Civ. Proc. 12(b)(2) ..................................................................... 2, 23

Fed. R. Civ. Proc. 12(b)(5) ..................................................................... 3, 36

Fed. R. Civ. Proc. 12(b)(6) ........................................................... 2, 21, 23

Fed. R. Civ. Proc. 45(c)(1) ........................................................................ 33

SMRH:488287916.10
BARAJOUN DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)

## I.     INTRODUCTION

This action has no place in this Court. At its core, this is a dispute over the ownership of works created in the Middle East, between parties located in the Middle East—non-resident plaintiff Ibraheem Abbas ("Plaintiff") and Specially Appearing Defendants Barajoun Entertainment FZ LLC ("Barajoun") and its founder Ayman Jamal ("Jamal") (together, the "Barajoun Defendants"). If Plaintiff has suffered any harm (and he has not), it has been in the Middle East. Therefore, Plaintiff's Complaint should be dismissed for several independent reasons.

*First*, Plaintiff lacks standing to pursue his infringement claims. Plaintiff alleges that he is the sole owner of copyrights in and to certain materials for a film based on the historical figure Bilal (the "Bilal Properties") and that the Barajoun Defendants' film *Bilal: A New Breed of Hero* ("the Picture") infringes Plaintiff's copyrights in those materials. However, any involvement that Plaintiff may claim to have had in the creation of the Bilal Properties was as an employee of the company VisualizIt. Consequently, contributions made by Plaintiff to the Bilal Properties, if any, would have been ***owned by VisualizIt***, not Plaintiff. In fact, in a prior lawsuit in Saudi Arabia ***Plaintiff represented that the Bilal Properties were developed and owned by VisualizIt***. Plaintiff should be estopped from now asserting otherwise.

*Second*, Plaintiff's claims are barred by the statute of limitations. While labeled as claims of "infringement," Plaintiff's claims turn on a dispute over ownership of the Bilal Properties. Plaintiff alleges that, in connection with their production of the Picture, the Barajoun Defendants falsely claimed to be the owners of the Bilal Properties (which they allegedly used to create the Picture), despite the claim that Plaintiff is the true owner of the materials. However, the Barajoun Defendants expressly repudiated Plaintiff's claims of ownership of the Bilal Properties more than three years prior to Plaintiff filing his Complaint. Thus, Plaintiff's claims are barred.

*Third*, Plaintiff's claims against the Barajoun Defendants must be dismissed because the Court lacks personal jurisdiction over them. There simply is no basis for

the Barajoun Defendants to be haled into court in California in connection with Plaintiff's claims. The allegations Plaintiff relies on to manufacture a connection between the Barajoun Defendants and the State of California are *patently false*. Contrary to Plaintiff's allegations: (1) Barajoun is an entity organized under the laws of the United Arab Emirates ("UAE") whose principal and *only* place of business has, at all relevant times, been located in Dubai, UAE; (2) Jamal is a citizen of Saudi Arabia who resides in Saudi Arabia and Dubai, UAE, and has never resided in the United States; and (3) Barajoun and Jamal have no contacts with the state of California. The only semblance of a connection between Plaintiff's claims against the Barajoun Defendants and the United States is the fact that the Picture has been exhibited worldwide, including in the United States. That is not sufficient to provide a basis for jurisdiction over the Barajoun Defendants.

*Fourth*, this case is an egregious example of litigation tourism, and should be dismissed as to the Barajoun Defendants (and stayed as to the remaining defendants) because California is an inconvenient forum. Plaintiff's claims turn on ownership of the Bilal Properties (created in the Middle East) and whether Barajoun Defendants' creation of the Picture (in the Middle East) infringed Plaintiff's purported rights. Thus, this dispute should be heard in Saudi Arabia or the UAE, which provide not only adequate and more convenient alternative forums, but more appropriate ones.

*Fifth*, the Court must, at the very least, dismiss the Complaint for insufficient service of process. Plaintiff purported to serve the Barajoun Defendants by mailing a copy of the summons and complaint (in English) to an unmonitored P.O. Box without requiring a return receipt. That is not valid service under UAE law and, therefore, does not constitute valid service under Rule 4.

## II.    FACTUAL BACKGROUND

### A.    The Barajoun Defendants

Barajoun is an animation and digital effects studio organized under the laws of the UAE. [Declaration of Ayman Jamal ("Jamal Decl.") ¶ 4.] Although Plaintiff

alleges that Barajoun "has a principal place of business in the County of Los Angeles, State of California" [Compl. ¶ 5], that is false. Barajoun's only place of business is in Dubai, UAE . [Jamal Decl. ¶ 4.] Barajoun is not registered to conduct business in California, and has never paid California taxes. [Jamal Decl. ¶ 5.] It does not have and has never had offices, employees, real property, books or records, bank accounts, telephone listings or agent for service of process in California. [Id.] All of Barajoun's books and records are located in the UAE. [Id.]

Jamal is the founder of Barajoun. [Jamal Decl. ¶ 4.] Plaintiff alleges that Jamal "is believed to be . . . a resident of the County of Los Angeles, State of California." [Compl. ¶ 5.] That is also false. Jamal is a citizen of Saudi Arabia and at all relevant times has resided in Jeddah, Saudi Arabia and Dubai, UAE. [Jamal Decl. ¶ 3.] Jamal has never worked, owned real property or paid taxes in California. [Id.] All of Jamal's books and records are located in either Saudi Arabia or the UAE. [Id.]

**B.      Plaintiff and His Employment at VisualizIt**

Plaintiff is a citizen and resident of Saudi Arabia. [Compl. ¶ 1.] Plaintiff and Jamal co-founded Baloura for Media Production, a limited liability company formed under the laws of Saudi Arabia, which operated under the abbreviated trade name VisualizIt. [Jamal Decl. ¶ 6.] At all relevant times, VisualizIt's only place of business was in Jeddah, Saudi Arabia. [Id.] Additionally, all of VisualizIt's books and records are located in Saudi Arabia. [Id.] Plaintiff worked as an employee—namely, Chief Creative Officer—of VisualizIt in Saudi Arabia pursuant to a written employment agreement (the "Employment Agreement"). [Id. ¶ 7 and Ex. A.] The Employment Agreement provides that it is governed by the laws of Saudi Arabia. [Id. and Ex. A (Employment Agreement ¶ 7).] Every interaction between Plaintiff and Jamal has taken place in Saudi Arabia or elsewhere in the Middle East. [Id. ¶ 8.]

**C.      Defendant Jamal and the Idea for a Bilal Film**

In or about 2005 to 2006, Jamal (then living in Saudi Arabia) conceived and began pursuing the idea of an animated film based on the historical public figure Bilal

ibn Rabah, a famous companion of Muhammed who lived in Arabia 1400 years ago and whose life story has been the subject of dozens of books and at least four motion pictures. [Jamal Decl. ¶ 9.]

Some of the initial character sketches relating to Jamal's concept for an animated film based on Bilal (which were used to garner interest in the project) were created by another employee of VisualizIt (not Plaintiff) who resides in Saudi Arabia. Jamal entered into an agreement with the employee directly and the agreement was entered into in Saudi Arabia. [Jamal Decl. ¶ 10.][1]

In addition, as part of developing the Bilal project and to ensure that he would have all necessary rights to pursue the project, Jamal and VisualizIt entered into an agreement, dated May 26, 2012, by which Jamal engaged VisualizIt to, among other things, create sketches for Jamal (the "Assignment Agreement"). [Jamal Decl. ¶ 11 and Ex. B.] The Assignment Agreement grants Jamal all rights to works prepared by employees of VisualizIt. [Jamal Decl. ¶ 12 and Ex. B (Assignment Agreement, ¶¶ 4-5, 8.)] Plaintiff executed the Assignment Agreement on behalf of VisualizIt in Saudi Arabia. The Assignment Agreement provides that "[t]he interpretation and construction of this Agreement, and all matters relating hereto, shall be governed by and in accordance with the laws of Saudi Arabia." [Id. (Assignment Agreement, ¶ 18).] It also provides that "[a]ny dispute which may arise out of or relating to this Agreement…*shall* be referred to the competent judicial authority of Saudi Arabia, the decision of which shall be final and binding." [Id. (Assignment Agreement, ¶ 19).]

## D.    Barajoun and the Picture

Jamal assigned all intellectual property rights in the Bilal materials to Barajoun, which he established in 2013 in Dubai, UAE. [Jamal Decl. ¶ 14.] Thereafter, Barajoun created the Picture based on an original screenplay created for Barajoun. [Id.] All the

---

[1] Jamal also entered into agreements with other freelance visual artists (who did not work for VisualizIt) to create materials relating to the Bilal concept. All of those agreements were entered into in the Middle East and all of the freelance artists that Jamal and/or Barajoun contracted with are located are located in the Middle East. [Jamal Decl. ¶ 13.]

1   artwork and animation for the Picture was developed by Barajoun employees at

2   Barajoun's animation studio in Dubai. [Id.] All the principal documents and all of the

3   individuals at Barajoun with knowledge relating to the development and production

4   of the Picture are located in the Middle East. [Id.] The Picture premiered at the 12th

5   Annual Dubai International Film Festival on December 9, 2015 and has since been

6   exhibited worldwide by third parties. [Jamal Decl. ¶ 16.] Barajoun holds a U.S.

7   Copyright Registration for the Picture. [Jamal Decl. ¶ 16 and Ex. T.]

8   **E.      The Saudi Litigation**

9        In February 2015, Barajoun released a trailer for the Picture on its YouTube

10  channel. [Jamal Decl. ¶ 15.] Shortly thereafter, Plaintiff posted a video on VisualizIt's

11  YouTube channel entitled "Bilal by VisualizIt," featuring excerpts from the Picture's

12  trailer contrasted with images and animation Plaintiff claimed were owned by

13  VisualizIt. [Id. and Ex. K.][2] Barajoun then filed a lawsuit against Plaintiff in Saudi

14  Arabia for copyright infringement (the "Saudi Lawsuit"). [Id.] In the Saudi Lawsuit,

15  Barajoun alleged exclusive ownership of the rights in and to the Picture and claimed

16  that Plaintiff's use of clips from the trailer violated Barajoun's copyrights. [Id. *See*

17  *also* Declaration of Dr. Qaisar Metawea ("Metawea Decl.") ¶ 10 and Ex. F.]

18       On or about June 25, 2015, Plaintiff filed his response to Barajoun's Saudi

19  Lawsuit and, thereafter, Saudi's Copyright Law Review Committee For

20  Infringements[3] conducted an investigation into Barajoun's claims. [Metawea Decl. ¶

21  11-12 and Ex. G.] In his response to the Saudi Lawsuit, Plaintiff did not claim that ***he***

22  was the owner of the copyrights relating to the Bilal Properties. Rather, consistent

23

24  ─────────────────
    [2]  This video (https://youtu.be/yH3fIURAhC0) is subject to judicial notice. [See Barajoun

25  Defendants' Request for Judicial Notice ("RJN"), filed concurrently herewith.] A copy is being
    lodged with the Court as Exhibit K, pursuant to the Barajoun Defendants concurrently filed Notice
    of Lodging. [Price Decl. ¶ 8.]

26  [3]  Under Saudi law, a party is able to bring a claim for infringement of his copyright by filing a
    lawsuit with the Ministry of Culture and Media, which then assigns the dispute to the Copyright

27  Law Review Committee for Infringements (the "Copyright Law Review Committee"). The
    Copyright Law Review Committee has the full power of judicial investigation and protection of

28  evidence, and is empowered to grant various remedies. [Metawea Decl. ¶ 8.]

with his claims in the subject video, Plaintiff claimed that ***VisualizIt*** (also known as Baloura) ***developed and owned the rights associated with the Bilal Properties***. [Id. and Ex. G (Saudi Lawsuit Ruling, pp. 7-8 (noting Plaintiff's position that "the work on the film began ***in Balloura***" and that "the film falls ***under the intellectual property of Balloura Media Production Limited Liability Company***") (emphasis added).][4]

As to Barajoun's infringement claims, Plaintiff argued that his posting was meant to show the similarities between the works he claimed were owned ***by VisualizIt*** (*i.e.*, Balloura, identified in the video with the designation "VisualizIt 2012") and the clips from the Picture. [Metawea Decl. ¶ 11 and Ex. G (Saudi Lawsuit Ruling, p. 8, noting Plaintiff's position that his posting "was highlighting ***the role of Balloura*** in the creation and development of the idea" by comparing the clips from the Picture's trailer "to the shots which had been ***produced under the umbrella of Balloura***," emphasis added).] In reply to Plaintiff's arguments, Barajoun pointed out that Plaintiff had transferred all rights that VisualizIt/Balloura may have had in any Bilal materials to Jamal. [Id. and Ex. G (Saudi Lawsuit Ruling, p. 9, noting Barajoun's position that "the ***Defendant transferred all Balloura's works to Mr. Ayman Jamal***, under the transfer contract," emphasis added).]

After considering testimony from Plaintiff and Barajoun and the parties' briefs, on January 29, 2018, the Saudi Copyright Law Review Committee issued a ruling, concluding that Plaintiff's use of the clips from the Picture's trailer constituted a fair use under Saudi copyright law because they were all attributed to Barajoun. [Metawea Decl. ¶ 12 and Ex. G (Saudi Lawsuit Ruling, p 10-11).][5]

**F.    Plaintiff's Complaint**

Plaintiff filed his Complaint in this action on August 23, 2018. The Complaint – which is pled ***entirely on information and belief*** – alleges two causes of action

---

[4] Barajoun's Claim filed in the Saudi Lawsuit (Ex. F) and the Saudi Copyright Law Review Committee's ruling thereon (Ex. G) are subject to judicial notice. [RJN, pp. 4-5.]

[5] The parties, including Plaintiff, have also been involved in other lawsuits in Saudi Arabia, including two regarding the liquidation of VisualizIt, one of which was recently commenced by Plaintiff. [Metawea Decl. ¶ 5.]

based on the infringement of three purportedly copyrighted works that Plaintiff claims he created and owns the rights to: (1) a "script and literary work for an animated motion picture"; (2) a "set of animatics/graphics and visual works which illustrates the major themes of the BILAL script" (the "Bilal Animatics"); and (3) a "set of drawings which illustrate the major themes and characters of the "BILAL script" (the "Bilal Artwork") (which Plaintiff refers to, collectively, in the Complaint as the "Bilal Properties"). [Compl. ¶ 2.][6] Notably, a review of the deposit materials Plaintiff submitted to the Copyright Office for Bilal Animatics and Bilal Artwork (Exs. O and P) reveals that they include the ***same images and animation*** that Plaintiff claimed in the YouTube video (Ex. K) and related Saudi Lawsuit (Ex. G) were ***owned by VisualizIt***. [Price Decl. ¶¶ 8, 12-15 and Exs. K, G, O-S.][7]

As to the Barajoun Defendants, Plaintiff alleges that he was a "business associate" of Jamal and that Jamal "absconded with" the Bilal Properties. [Compl. ¶ 5.] Specifically, Plaintiff alleges that the Barajoun Defendants "unlawfully converted" the Bilal Properties as their own, taking the position (and falsely representing to others) that they were the creators and owners of the Bilal Properties, despite the fact that Plaintiff is allegedly the true creator and owner thereof. [*Id*.] According to the Complaint, the Picture "and every element thereof" is based entirely on the "protected elements" of the Bilal Properties, resulting in a "nearly identical motion picture." [Compl. ¶ 4.]

## III.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF STANDING UNDER RULE 12(B)(1)

Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" at the time of the alleged infringement has standing to sue for copyright infringement. *See* 17 U.S.C. § 501(b); *Silvers v. Sony Pictures*

---

[6] There is no record of Plaintiff having obtained a U.S. Copyright registration for any work entitled "Bilal: A New Breed," or for any script or literary work relating to Bilal. Declaration of Dylan J. Price ("Price Decl.") ¶ 9 and Ex. L.] Thus, the allegation of paragraph 2(a) of the Complaint is apparently false.

[7] Copies of the deposit materials and of the registration information for the works are subject to judicial notice. [RJN, pp. 5-6.]

*Entertainment, Inc.,* 402 F.3d 881, 890 (9th Cir.2005) (en banc) (holding that, under § 501, only a party with an ownership interest has standing to sue). Thus, if a plaintiff does not own the copyright at issue, the plaintiff does not have standing to sue for infringement. Standing to assert a copyright claim "is a jurisdictional requirement, and the court must dismiss an action for lack of subject matter jurisdiction if it determines that plaintiff lacks standing to assert a claim." *Warren v. Fox Family Worldwide,* 171 F.Supp.2d 1057, 1063 (C.D.Cal.2001), citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).[8]

### A. Any Contribution by Plaintiff to the Bilal Properties Was Owned by VisualizIt Under Saudi Law, and Therefore Is Owned by Barajoun

Plaintiff claims that he is the "creator, sole owner and copyright holder" of the Bilal Properties. [Compl. ¶ 2.] However, as discussed above, at all relevant times, Plaintiff was ***an employee of VisualizIt*** under a written employment agreement, governed by Saudi law.[9] Thus, although he actually did nothing, pursuant to established Saudi law, any Bilal materials that Plaintiff may claim to have developed as an employee of VisualizIt would have been owned by VisualizIt from the time of their creation, without the need for any separate agreement or express assignment of rights. [Metawea Decl. ¶ 13.] Plaintiff also executed the Assignment Agreement

---

[8] A court may look beyond the complaint in connection with a motion to dismiss under Rule 12(b)(1) and need not presume the truthfulness of the plaintiff's allegations. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[9] There is no record of Plaintiff having obtained a U.S. Copyright registration for any script or literary work relating to Bilal. [Price Decl. ¶ 9 and Ex. L.] As to the Bilal Artwork, Plaintiff's copyright registration states that the work was created in 2012. [Id. ¶ 11; Ex. N] At that time, Plaintiff was working for VisualizIt under the Employment Agreement (which is dated January 1, 2009). [*See* Jamal Decl. ¶ and Ex. A.] Indeed, many of the "drawings" contained in the deposit copy of the "Bilal Artwork" contain references ***attributing the works to VisualizIt***. [*See* Ex. P (Bilal Artwork Deposit Copy, pp. , 4, 20-24, 27-30, 33-42, 49, 51-52).] Moreover, while Plaintiff's registration for the Bilal Animatics identifies the date of creation of those materials as 2005 (*see* Ex. M), that is obviously incorrect. A review of the deposit copy of the Bilal Animatics reveals that many of the images that make up the animations are images from the Bilal Artwork, which Plaintiff confirms was not created until 2012. [*See* Price Decl. ¶¶ 11, 13 and Exs. N, Q.] Clearly, Plaintiff could not have created the Bilal Animatics ***in 2005*** when the images that make up the animatics were not created ***until 2012***. Rather, logically, the Bilal Animatics must have been created in or after 2012, at which time Plaintiff was an employee of VisualizIt working under his Employment Agreement. This conclusion is further supported by the designations on the animations contained in the YouTube video: "***VisualizIt 2012***." [*See* Price Decl. ¶¶ 8, 14, 15 and Exs. K, R and S, emphasis added.]

1    granting Jamal all rights to works prepared by employees of VisualizIt, again

2    governed by Saudi law. As a result, Plaintiff lacks standing to sue for infringement.

3    *See Mostowfi v. i2 Telecom Intern., Inc.*, 269 Fed.Appx. 621, 623 (9th Cir. 2008)

4    (plaintiff who created works during course of employment lacked standing to sue for

5    infringement); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1142–1143

6    (9th Cir. 2003) (same).[10]

7    **B.    Plaintiff Is Estopped From Claiming Ownership of the Bilal Properties**

8         Moreover, given Plaintiff's written and oral statement in the Saudi Lawsuit that

9    ***the Bilal Properties were developed and owned by VisualizIt (not Plaintiff)***, Plaintiff

10   should judicially estopped from now contending otherwise.

11        "Judicial estoppel is an equitable doctrine that is intended to protect the

12   integrity of the judicial process by preventing a litigant from playing fast and loose

13   with the courts" by asserting a position in a legal proceeding that is inconsistent with

14   a position asserted by that party in a previous proceeding. *Whaley v. Belleque*, 520

15   F.3d 997, 1002 (9th Cir. 2008), citing *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d

16   1036, 1044 (9th Cir. 2004). In determining whether to apply the doctrine, courts

---

[10] All of the animatics and images that Plaintiff has admitted (in the "Bilal by VisualizIt" YouTube video and related Saudi Lawsuit) were owned by VisualizIt are included in the materials Plaintiff claims in this action to own. [*See* Price Decl. ¶¶ 8, 12, 14-15 and Exs. K, O-S.] The deposit materials for the Bilal Artwork registered by Plaintiff include the same "VisualizIt 2012" designations as the images and clips featured in the YouTube video. [*See* Exs. K, P, R.] Similarly, the animations contained in the Bilal Animatics include the same animations Plaintiff identified in the YouTube video with the "VisualizIt 2012" designation. [*See* Exs. K, O and S.] There is only one explanation: Plaintiff simply took the images and animations that he claimed in 2015 were owned by VisualizIt and submitted them with the U.S. Copyright for registration in his name in 2018, in an act of brazen fraud on the Copyright Office. In doing so, Plaintiff also incorrectly represented that the drawings contained in the Bilal Artwork—many of which were contained in the YouTube video—were unpublished. [*See* Ex. N] Given Plaintiff's admissions that these materials were owned by VisualizIt and his dissemination of the YouTube video featuring them, Plaintiff necessarily knew these representations were false. As a result, Plaintiff's registrations can and should be invalidated. *See* 17 U.S.C. § 411(b)(1)(A) (a copyright registration is invalid if "inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate" and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration"); *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 984-987 (C.D. Cal. 2015) ("when there is a material mistake in the registration, the presumption of validity is rebutted, if not voided altogether"). The Court should therefore request guidance from the Register of Copyrights, pursuant to 17 U.S.C. section 411(b)(2), as to whether this inaccurate information, if known, would have resulted in Plaintiff's applications being refused.

consider, among other factors, whether: (1) the party's position is "clearly inconsistent" with its earlier position; (2) a court "accepted" the party's earlier position; and (2) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001). These factors all support the application of judicial estoppel in this case.

*First*, Plaintiff's position in the Saudi Lawsuit that the Bilal Properties were developed and owned by VisualizIt is "clearly inconsistent" with his position, here, that he is the creator and owner of the materials. *Second*, the Saudi Copyright Law Review Committee accepted Plaintiff's position in the Saudi Lawsuit when it ruled that his posting of clips from the trailer of the Picture constituted a fair use because he identified Barajoun as the owner of clips. *Third*, Plaintiff would be given an unfair advantage if he were permitted to now assert that he owns the copyrights to the Bilal Properties, after having previously asserted that the rights were owned by VisualizIt.

Plaintiff is clearly playing "fast and loose" with the Court. That should not be permitted. Because Plaintiff took the position in the Saudi Lawsuit that the Bilal Properties were developed and owned by VisualizIt, the interests of judicial integrity require that he be judicially estopped from now asserting the exact opposite in this case. *See*, *e.g.*, *Leventhal v. Schenberg*, 917 F.Supp.2d 837 (N.D. Ill. 2013) (plaintiff's claim of copyright ownership barred by judicial estoppel based on the plaintiff's disavowal of copyright ownership in connection with prior a bankruptcy proceeding).

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS

Where the gravamen of a plaintiff's claim is one of copyright ownership, the plaintiff is required to bring suit within three years of receiving notice of the repudiation of his or her ownership rights. *See, e.g., Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1258 (9th Cir. 2013); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230–31 (9th Cir. 2000) (where "creation rather than

infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement, and is barred three years from 'plain and express repudiation' of authorship."). In determining whether the gravamen of a claim is ownership, courts look to, among other things, the nature of the relationship between the parties and whether the parties had entered into business arrangements relating to the work at issue. *See White v. Warner-Tamerlane Publishing Corp.*, 2017 WL 4685542, *3 (C.D. Cal. May 22, 2017) (gravamen of an infringement claim was ownership where the parties had entered into agreements relating to the work at issue).

*Seven Arts* is instructive. In that case, the plaintiff brought a copyright infringement claim against Paramount relating to Paramount's distribution of a film. The plaintiff, however, was aware of Paramount's distribution and Paramount had expressly rejected the plaintiff's claim of ownership more than three years prior to the plaintiff's suit. In dismissing the plaintiff's infringement claim, the Ninth Circuit concluded that, "where the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim would be time-barred, any infringement claims are also barred." *Seven Arts*, 733 F.3d at 1255. The Ninth Circuit further noted that:

> It is inequitable to allow the putative co-owner to lie in the weeds for years after his claim has been repudiated, while large amounts of money are spent developing a market for the copyrighted material, and then pounce on the prize after it has been brought in by another's effort.

*Id.* at 1255 (citing *Zuill v. Shanahan*, 80 F.3d 1366 (9th Cir. 1996)).

Here, as in *Seven Arts*, the gravamen of Plaintiff's infringement claim is one of copyright ownership. Plaintiff concedes in the Complaint that his claims arise out of a ***prior business relationship*** with Jamal (his former "business associate"), and alleges that Jamal purportedly "engaged in a number of unscrupulous business activities" pursuant to which Jamal allegedly "unlawfully converted***"*** the Bilal materials "as if they were lawfully his property." [Compl. ¶ 5 (emphasis added).] Plaintiff further alleges that Jamal "***falsely and frequently portrayed himself as the owner and creator*** of the Bilal Properties…", despite the fact that "***Plaintiff was the***

*true creator and owner* of the Bilal Properties." [*Id.* (emphasis added)] And, in the Saudi Lawsuit,[11] Plaintiff alleged that Jamal created Barajoun to deprive him of *ownership* of the Bilal Properties. [*See* Ex. G (Saudi Lawsuit Ruling, p. 8).]

While Jamal denies Plaintiff's claims, where, as here, there is a prior business relationship between the parties that involves agreements relating to the works at issue (and competing copyright registrations), the gravamen of the action is a dispute as to ownership. *See White*, *supra*, 2017 WL 4685542, at *3 (holding that the gravamen of the plaintiff's infringement claim was ownership where the parties had a prior business relationship and the plaintiff's claims would "revolve around the various agreements among the parties" and the parties' "competing copyright registrations").

Moreover, the Barajoun Defendants *expressly repudiated* Plaintiff's claim of ownership to the Bilal Properties by, *at the very latest*, June 9, 2015, when Barajoun filed the Saudi Lawsuit against Plaintiff for copyright infringement. [*See* Exs. F-G.] As the Ninth Circuit noted in *Seven Arts*, it would be inequitable to permit the Plaintiff to lie in the weeds for years after his claim was repudiated, while large amounts of money were spent developing the Picture, and then pounce after the Picture has been produced. Because Plaintiff did not file this action until August 23, 2018 – more than three years after the Barajoun Defendants expressly repudiated his ownership interest in and to the Bilal Properties – his claims are time barred.

**V.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(2) BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE BARAJOUN DEFENDANTS, AND EVEN IF IT DOES THE LITIGATION SHOULD BE DISMISSED OR STAYED**

**A.  There Is No Basis for Exercising Personal Jurisdiction Over the Barajoun Defendants**

The exercise of personal jurisdiction in California is coextensive with the limitations imposed by the Due Process clause of the U.S. Constitution. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); Cal. Code Civ. Proc. § 410.10. Personal

---

[11] A court may judicially notice matters of public record in ruling on a motion under Rule 12(b)(6). *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). As set forth in the RJN, the Copyright Law Review Committee's ruling is the proper subject of judicial notice.

jurisdiction over a nonresident defendant comports with due process only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash, Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Personal jurisdiction may be general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1785 (2017). General, or all-purpose, jurisdiction exists if a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is present only if the plaintiff's cause of action arises out of the defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court" in that forum. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Barajoun Defendants are not subject to personal jurisdiction under either framework.

**B.      Plaintiff's Complaint Does Not State Facts Sufficient to Establish Personal Jurisdiction Over the Barajoun Defendants**

Allegations made on "information and belief" are not sufficient to make a *prima facie* showing of personal jurisdiction over defendant. *See Precision Transducer Systems v. STFO Trading LLC*, 2009 WL 10700319, *4 (C.D. Cal. Oct. 15, 2009) ("allegations based upon information and belief are insufficient to demonstrate personal jurisdiction."); *Silverstein v. Experienced Internet.com, Inc.*, 2005 WL 1629935, *3 (N.D. Cal. July 11, 2005) (plaintiff failed to make an adequate showing of personal jurisdiction where all of the plaintiff's jurisdictional allegations in the complaint were based on information and belief). Here, ***Plaintiff's entire Complaint***, including its threadbare and demonstrably false jurisdictional allegations concerning the Barajoun Defendants, is based on information and belief. [*See* Compl.

p. 2:1-3.] As a result, it fails to make a *prima facie* showing of personal jurisdiction as to the Barajoun Defendants.

## C.   The Facts Demonstrate That the Court Lacks Personal Jurisdiction Over the Barajoun Defendants

### 1.   There Is No General Jurisdiction Over the Barajoun Defendants

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. *See also Daimler*, 571 U.S. at 137.

None of the paradigm examples of general jurisdiction apply here. Barajoun is not incorporated in California and does not have its principal place of business (or, indeed, any place of business) in California. [Jamal Decl. ¶ 4.] Likewise, Mr. Jamal is not domiciled in California; he is a citizen of Saudi Arabia and at all relevant times has resided in Saudi Arabia and Dubai, UAE. [Jamal Decl. ¶ 3.] The Barajoun Defendants simply do not have ***any*** contacts with California, much less contacts that would render them "at home" in California.

### 2.   There Is No Specific Jurisdiction Over the Barajoun Defendants

The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84, (2014) (internal quotations omitted). There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum;" (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities;" and (3) "the exercise of jurisdiction must comport with fair play and substantial justice,

1    *i.e.* it must be reasonable." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th

2    Cir. 2002). Plaintiff cannot satisfy *any* of these requirements.

### a.    The Barajoun Defendants Did Not Purposefully Direct Any Activities Toward California Residents

5        In a copyright infringement case, courts employ the purposeful direction test,

6    also known as the "effects test," derived from *Calder v. Jones*, 465 U.S. 783 (1984).

7    *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017);

8    *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir.2010).

9    In order to establish personal jurisdiction under the effects test, the defendant must

10   have: (1) committed an intentional act, (2) expressly aimed at the forum state, (3)

11   causing harm, the brunt of which is suffered, and which the defendant knows is likely

12   to be suffered, in the forum state. *See id.* Here, the Barajoun Defendants have not

13   engaged in any conduct that was "expressly aimed" at California and Plaintiff has not

14   suffered any harm in California. "[T]he express aiming requirement of *Calder* [is]

15   'satisfied when the defendant is alleged to have engaged in wrongful conduct targeted

16   at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Yahoo!*

17   *Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 379 F.3d 1120, 1124–25 (9th

18   Cir. 2004), citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087

19   (9th Cir. 2000). Here, however, as he admits [Compl. ¶ 1], ***Plaintiff is not a resident***

20   ***of California***. Therefore, the conduct of which he complains cannot have been aimed

21   at California, as a matter of law. *See, e.g., Love v. Associated Newspapers, Ltd.*, 611

22   F.3d 601, 609 n.4 (9th Cir. 2010) (alleged misuse of intellectual property not

23   "expressly aimed" at California when intellectual property owner was "a citizen not

24   of California but of Nevada").

25       Moreover, the Barajoun Defendants' allegedly wrongful conduct was not

26   otherwise "expressly aimed" at California. Plaintiff's Complaint conveniently fails to

27   mention where the Barajoun Defendants' allegedly wrongful conduct occurred. In

28   fact, ***all*** of the Barajoun Defendants' acts relating to the Picture took place in ***Saudi***

*Arabia and/or the UAE*. (*See* Sections I.A-E, above.) Thus, the Barajoun Defendants cannot be said to have "expressly aimed" of any of their allegedly wrongful conduct at California. Nor did the Barajoun Defendants have any reason to foresee a lawsuit by Plaintiff—a resident of Saudi Arabia—in California, especially given that the Employment Agreement and Assignment Agreement (which Plaintiff also fails to mention) were entered into in Saudi Arabia, and specify Saudi choice of law, and, in the case of the Assignment Agreement, an *exclusive* Saudi forum. *See Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985) (no basis to assume foreseeability of suit in California based on agreement signed in Malaysia).

Plaintiff also cannot meet the third prong of the "effects test," because he has not suffered any harm (much less the "brunt" of his alleged harm) in California. In *Calder,* for example, the defendants knew that the "brunt" of the injury would be felt by the plaintiff in California, the state where the plaintiff lived and worked. *Calder*, 465 U.S. at 789-90. There was therefore personal jurisdiction over defendants because California was the "focal point" of both the tortious conduct and the harm suffered. *Id.* at 789. The same cannot be said here, where both the Barajoun Defendants' alleged wrongful conduct and the harm allegedly suffered by Plaintiff *occurred entirely in the Middle East*. Because Plaintiff is a citizen and resident of Saudi Arabia, he has not suffered any harm in California and there is no basis for the exercise of specific personal jurisdiction over the Barajoun Defendants. *See, e.g., Zherebko v. Reutskyy*, 2013 WL 4407485, at *3 (N.D. Cal., Aug. 12, 2013) ("if the victim is not a resident of California, even an intentional misuse of intellectual property is not "expressly aimed" at California").[12] And the fact that the Picture has been distributed worldwide, including in the United States, is not sufficient to subject the Barajoun Defendants to

---

[12] *See also Edwards v. Vemma Nutrition*, 2018 WL 3497084, at *3 (D. Ariz. July 20, 2018) (third prong of "effects test" not satisfied where there was no evidence that the non-resident plaintiff suffered any harm in the forum that the defendant knew would likely be felt there);; *Medinah Mining, Inc. v. Amunategui*, 237 F.Supp.2d 1132, 1138 (D. Nev. 2002) (allegedly defamatory statements did not target Nevada or cause harm then, where one plaintiff resided in Canada and the other plaintiff had its headquarters in California and operations in Chile, so nonresident defendant was not subject to specific personal jurisdiction in Nevada under "effects test").

personal jurisdiction in California. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993) (the fact that an alleged infringing work was published in the forum state was not sufficient to confer jurisdiction over the foreign owner of the allegedly infringing work); *Ham v. La Cienega Music Co.,* 4 F.3d 413 (5th Cir., 1993) (national distribution of allegedly infringing works does not confer jurisdiction in a particular forum if resolution of the action turns on whether infringement occurred).[13]

### b.    *Plaintiff's Claims Do Not Arise Out of or Relate to Any Contacts by the Barajoun Defendants' with California*

The exercise of personal jurisdiction over the Barajoun Defendants is also improper because Plaintiff's claims against the Barajoun Defendants do not arise out of, or relate to, any contacts of the Barajoun Defendants with California (which, as discussed, do not exist). The Ninth Circuit applies a "but for" test to determine whether a plaintiff's claim arises out of a nonresident defendant's forum contacts. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Thus, in order to establish jurisdiction, Plaintiff must show that, but for the Barajoun Defendants contacts with California, his claims against the Barajoun Defendants would not have arisen. *See id*. Plaintiff cannot make such a showing. It is clear that the Barajoun Defendants' purported infringement of Plaintiff's rights would have occurred even if the Picture had never been distributed in California. *See McDonough v. Fallon McElligott, Inc.*, 1996 WL 753991, at *6 (S.D. Cal., Aug. 5, 1996) (holding that "California distribution of magazines containing the [allegedly infringing] advertisement cannot fulfill the 'but for' requirement here, because the alleged infringement would have occurred even if no magazines had ever been circulated in California.").[14]

---

[13] This is particularly true where, as here, the distribution was done by third parties. *See Carsey-Werner Company, LLC v. British Broadcasting Corporation*, 2018 WL 1083550, at *6 (C.D. Cal. Feb. 23, 2018) ("The Court also notes that any viewership of the Program in California provides no basis for asserting personal jurisdiction over Sugar Films, as BBC was responsible for the distribution of the Program."); *Dos Santos v. Telemundo Communications Group, LLC*, 2012 WL 9503003, at *6-7 (C.D. Cal., Dec. 19, 2012) (acts of allegedly infringing program's distributor not attributed to its foreign producer for purposes of personal jurisdiction).

[14] The Supreme Court recently confirmed that a plaintiff's claims do not "arise out of or relate to" a defendant's forum activities unless there is an "adequate link" between the state and the non-

### c. The Exercise of Jurisdiction Over the Barajoun Defendants Would Be Unreasonable

Even if Plaintiff could meet his burden of showing sufficient forum contacts (which he cannot), the exercise of jurisdiction over the Barajoun Defendants would nevertheless be unreasonable. *See Asahi*, 480 U.S. 102, 113 (1987) (due process forbids the exercise of jurisdiction where doing so would offend "traditional notions of fair play and substantial justice."); *Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1487 (9th Cir. 1993) (declining to decide whether the defendant had "minimum contacts" because "the exercise of jurisdiction would be unreasonable in any event").

In determining "reasonableness," courts consider: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the forum state's interest in resolving the dispute; (4) the extent of conflict with the sovereignty of the defendants' state; (4) the most efficient judicial resolution of the controversy; (5) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003). Consideration of these factors reveals that exercising jurisdiction over the Barajoun Defendants would be unreasonable.

*First*, the extent of the Barajoun Defendants' interjection into California cannot be characterized as substantial. The only conceivable "interjection" into California arises from the fact that the Picture may have been distributed in California by third parties. That is not sufficient to make the exercise of jurisdiction over the Barajoun

---

residents' claims. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017). In *Bristol-Myers*, plaintiffs contended that the defendant's decision to contract with a California company to distribute a product nationally provided a sufficient basis for personal jurisdiction in California over claims bought by nonresidents. *Id.* at 1783. The court rejected this argument, holding that "[a] defendant's relationship with a … third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1781 (quoting *Walden*, 571 U.S. at 286). There was no "adequate link" between the nonresident plaintiffs' claims and the forum state because the defendant's conduct occurred elsewhere and the plaintiffs were not California residents and so did not suffer harm in California. *Bristol-Myers*, 137 S. Ct. at 1781-82. The same is true here. Plaintiff's claims against the Barajoun Defendants are based on their alleged use of the Bilal Properties in the development of the Picture and, therefore, arise from the Barajoun Defendants' alleged conduct in Saudi Arabia and/or the UAE, not from any contacts with California.

Defendants reasonable. *See Core-Vent*, 11 F.3d 1487-1488 (circulation of libelous article in California too attenuated a contact; interjection factor favored defendants).

*Second*, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. Here, the Barajoun Defendants and Plaintiff are all located in the Middle East. So are virtually all of the principal documents relating to, and Barajoun's witnesses with knowledge of, the creation of the Picture. [Jamal Decl. ¶ 17.] It would be extremely burdensome, and hence unreasonable, to force the Barajoun Defendants and all of the relevant witnesses to travel thousands of miles to litigate in a foreign forum, in a foreign language, under foreign law. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1330 (9th Cir. 1985) (Malaysian-based defendants would be unduly burdened because "[t]he distance between California and Malaysia is substantial, and potential witnesses…are most likely in [Malaysia]").

*Third*, while states generally have an interest in providing a forum where ***their residents*** can seek redress for injuries caused by out-of-state actors (*see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 483 (1985), ***Plaintiff is not a resident of California***. When "the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished." *Asahi*, 480 U.S. at 114.

*Fourth*, "[w]here, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993). Both Plaintiff and Defendant Jamal are citizens of Saudi Arabia. To the extent Plaintiff was involved in it, the creation of the Bilal Properties necessarily occurred in Saudi Arabia, where Plaintiff resides, and his rights are subject to an agreement governed by Saudi law. Ownership of rights to the works at issue is therefore governed by Saudi law. Saudi Arabia undoubtedly has a strong interest in resolving disputes among its citizens and residents regarding intellectual property

rights arising under its laws. This interest far outweighs the limited or nonexistent interest of California in this dispute.[15]

*Fifth*, the forum "where evidence is located usually will be the most efficient forum." *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325 at 1331 (9th Cir. 1985). As noted, all of the Barajoun Defendants' documents relating to, and all of Barajoun's employees with knowledge of, the creation of the Picture are located in the Saudi Arabia and/or the UAE. Moreover, Plaintiff and any witnesses or documents he may have to support his claims are presumably located in Saudi Arabia as well. It would be incredibly inefficient for Plaintiff's claims against the Barajoun Defendants to proceed in California, and will lead to burdensome and unnecessary costs and delays associated with overseas discovery, document translations, interpreters, international travel, and experts on Saudi Arabian and/or UAE law.

*Sixth*, access to a court in California is not important to Plaintiff's interest in convenient and effective relief. Indeed, litigating in either Saudi Arabia (where Plaintiff resides) or the UAE would undoubtedly be more convenient for Plaintiff. In any event, the focus of this factor is not mere inconvenience to plaintiff, but whether relief would be ***unavailable*** in another forum. *See Pac. Atl. Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985). There is no reason to believe it is, given that the parties have been involved in a number of lawsuits in Saudi Arabia.

*Seventh*, Plaintiff has alternative forums available in both Saudi Arabia and the UAE, both of which recognize, and provide relief in connection with, claims of copyright infringement. [Metawea Decl. ¶¶ 7-9; Declaration of Abdelaziz A. Alrasheed ("Alrasheed Decl.") ¶¶ 4-6.] In fact, both Saudi Arabia and the UAE are members of the Berne Convention, which sets forth minimum standard for the enforcement of copyrights that its signatories must adhere to. [Metawea Decl. ¶ 6; Alrasheed Decl. ¶ 4.] And, Plaintiff has filed multiple lawsuits against Jamal in Saudi Arabia, including one that is currently pending.

---

[15] The UAE also has a strong interest in this dispute given that the Picture was created in the UAE.

Weighing all of these factors, including the international context, the heavy burden on the Barajoun Defendants, and the slight interests of the Plaintiff and the forum state, the exercise of personal jurisdiction over the Barajoun Defendants would be unreasonable and would, therefore, violate federal due process.

**D.    Alternatively, the Court Should Dismiss This Action as to the Barajoun Defendants and Stay It as to the Remaining Defendants) on Grounds of *Forum Non Conveniens***

The Barajoun Defendants move, in the alternative, to dismiss this action (as to them) and stay the action (as to the remaining defendants) because California is an inappropriate and inconvenient forum for this dispute. The doctrine of *forum non conveniens* permits a district court to dismiss a case if "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). A stay or dismissal is appropriate where the defendant shows "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009).

### 1.    Saudi Arabia and the UAE Are Adequate Alternative Forums

An alternative forum is adequate if the defendants are subject to jurisdiction in the forum and the forum permits a satisfactory remedy. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). Typically, "a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001). *See also UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 221 (5th Cir. 2009) (Saudi Arabia was an available and adequate forum); *Jeha v. Arabian Am. Oil Co.*, 751 F. Supp. 122, 126 (S.D. Tex. 1990), *aff'd*, 936 F.2d 569 (5th Cir. 1991) (Saudi commissions provide an adequate forum). Here, either Saudi Arabia or the UAE provide an adequate alternative forum. Jamal is subject to jurisdiction in Saudi Arabia and both Jamal and Barajoun are subject to jurisdiction in the UAE. [*See* Metawea Decl. ¶ 5; Alrasheed Decl. ¶ 3.] Moreover, as discussed above, Saudi Arabia and the

UAE recognize (and provide remedies for) claims of copyright infringement and are members of the Berne Convention.. [*See* Metawea Decl. ¶¶ 7-9; Alrasheed Decl. ¶¶ 4-6 .] Thus, Saudi Arabia and the UAE are adequate alternative forums.

**2.    The Private Interest Factors Favor Resolution of This Case in Saudi Arabia or the UAE**

If an adequate alternative forum exists, courts weigh a number of private interest factors to determine whether dismissal is warranted. Relevant "private interests" include: (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) any other practical problems that make trial easy, expeditious and inexpensive. *Lueck*, 236 F.3d at 1145.

These factors weigh in favor of dismissal. In particular, all of the key Parties (Plaintiff, Barajoun, and Jamal) and nearly all of the witnesses and documents relating to the creation of the Picture are located in the Middle East. [Compl. ¶ 1; Jamal Decl. ¶¶ 3-5, 17.][16] Moreover, a U.S. court cannot compel an unwilling witness in Saudi Arabia or the UAE to testify in California. *See* Fed. R. Civ. Proc. 45(c)(1); 28 USC 1883; *Avago Technologies General IP Pre Ltd. v. Elan Microelectronics Corp.*, 2007 WL 1140450 (N.D. Cal. April 17, 2007) (third parties who reside in foreign countries are beyond the subpoena power of U.S. courts). And, bringing willing witnesses from the Middle East to trial in California would require costly international travel. All pertinent documentary evidence is also in Saudi Arabia or the UAE. Translation and interpretation would be costly, given that many of the principal documents relating to the Barajoun Defendants' development of the Picture are in Arabic. [Jamal Decl. ¶ 17.] Lastly, as other district courts have noted "Saudi Arabia possesses a sophisticated

---

[16] The only defendants that may reside in California (apart from Resnick Interactive Development, LLC, which has filed for bankruptcy and as to which this action is stayed) are Vertical Entertainment, LLC (a film distribution company) and Lakeshore Records, LLC (a record company). They were not involved in the production of the Picture (Jamal Decl. ¶ 18) and their purported liability, if any, is dependent on whether the Barajoun Defendants infringed Plaintiff's alleged copyrights when they created the Picture.

legal system capable of enforcing a judgment if one is obtained." *See Shields v. Mi Ryung Const. Co.*, 508 F.Supp. 891, 894 (S.D.N.Y 1981).

### 3. Public Interest Factors Favor Resolution of This Case in Saudi Arabia or the UAE

Public interest factors relevant to the *forum non conveniens* analysis include: "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Lueck*, 236 F.3d at 1147. All of these factors weigh in favor of a stay or dismissal of this action. California has little interest in this dispute between citizens of Saudi Arabia over the ownership of intellectual property developed in the Middle East. By contrast, Saudi Arabia and the UAE both have strong interests in determining and enforcing the rights of their citizens. Moreover, the resolution of Plaintiff's claims will involve a determination of: (1) whether, under his Employment Agreement, Plaintiff has any rights in any material he claims to have created while employed by VisualizIt; and (2) whether Jamal acquired VisualizIt's rights relating to the Picture, if any, under the Assignment Agreement. Both the Employment Agreement and Assignment agreement are governed by Saudi law. Litigating these Saudi law issues in California would needlessly burden and congest California courts and be unnecessary and unfair to California jurors. *See Shields*, 508 F.Supp. at 894.

### 4. The Court Should Dismiss This Case As to the Barajoun Defendants and Stay the Case As to the Other Defendants

Because Saudi Arabia and the UAE provide adequate alternative forums and the balance of public and private factors weighs heavily in favor of Plaintiff's claims being heard in Saudi Arabia or the UAE, the Court should dismiss this action as to the Barajoun Defendants on grounds of *forum non conveniens*. See *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 702, 704 (9th Cir. 1995) (dismissing case on *forum non conveniens* grounds on the grounds that the case was "essentially a dispute between two [foreign entities] as to which of them was the original developer

of the [copyrighted works].").  Further, because Plaintiff's claims against the various other defendants are ***entirely dependent*** on the liability of the Barajoun Defendants, the Court should enter an order staying the action as to the remaining defendants, until Plaintiff's claims against the Barajoun Defendants are resolved in the proper forum.

For example, in *Murray* v. *British Broadcasting Corp.*, 81 F.3d 287 (2d Cir. 1996), a nonresident plaintiff brought suit against the British Broadcasting Company (the "BBC") and one of the BBC's U.S.-based subsidiaries, asserting a claim for infringement relating to the defendants' use of the character "Mr. Blobby," to which the plaintiff claimed to own the copyright. *Id*. at 289.  The plaintiff also filed a separate suit against several of the BBC's U.S.-based licensees. *Id*.  In granting the BBC's motion to dismiss for forum *non conveniens*, the Second Circuit noted:

> To the extent that deferring the resolution of the disputed issues to a foreign forum may impede [the plaintiff's] ability to join Lionheart, a Delaware corporation, in the action, we believe that Lionheart is not essential to the adjudication of the core issues. It appears from the record that Lionheart exists to exploit the BBC's rights in the American market. Any dispute between Murray and Lionheart concerning Mr. Blobby would therefore, as a practical matter, turn on the outcome of the action between Murray and the BBC.

*Id*. at 293 n.2.  The *Murray* court also noted that:

> [The plaintiff] has offered no reason why his action against the American licensees of Mr. Blobby, currently pending in the Southern District of New York…may not be placed on the suspense calendar pending a resolution of the truly disputed issues in the English courts. Again, once those issues are resolved, everything else will fall into place.

*Id*. at 293.  *See also Televisa*, S.A. *de C.V.* v. *Koch Lorber Films*, 382 F.Supp.2d 631, 634-35 (S.D.N.Y. 2005) (staying copyright infringement action filed by Mexican corporation pending determination by a French court as to the "primary issue" of ownership, despite the presence of local defendants whose "liability, if any exists, turns entirely on whether [their licensor] validly acquired ownership" of the works).

The same is true here.  As in *Murray* and *Televisa*, the other defendants in this action—who were not involved in the production of the Picture and whose liability is entirely dependent on that of the Barajoun Defendants—are "not essential to the

1   adjudication of the core issues" in this case and the claims against these ancillary

2   defendants can be stayed pending a resolution of the "truly disputed issues" in the

3   courts of either Saudi Arabia or the UAE. "[O]nce those issues are resolved,

4   everything else will fall into place." *Murray*, 81 F.3d at 293.[17]

5   **VI.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(5) BASED ON INSUFFICIENT SERVICE OF PROCESS**

7         Alternatively, Plaintiff's Complaint should be dismissed pursuant to Federal

8   Rule of Civil Procedure 12(b)(5) based on insufficient service of process. The Proofs

9   of Service filed by Plaintiff (Dkt. Nos. 37, 38) claim that the Barajoun Defendants

10  were served in Dubai pursuant to Federal Rule of Civil Procedure 4(f)(2)(A), which

11  permits service "as proscribed by the foreign country's law for service in that country

12  in an action in its courts of general jurisdiction." Fed R. Civ. Proc. 4(f)(2)(a). Thus,

13  Plaintiff's purported service on the Barajoun Defendants in Dubai is valid ***only*** if it is

14  valid under UAE law. Here, Plaintiff claims to have served the Barajoun Defendants

15  by sending the summons and complaint by registered mail to a P.O. Box. associated

16  with Barajoun in Dubai. [*See* Dkt. Nos. 37, 38.][18] That is ***not*** valid service under UAE

17  Law. [*See* UAE Expert Declaration ¶¶ 12-15 and Ex. J-1.][19]

    **VII.  CONCLUSION**

18        For all of the foregoing reasons, Plaintiff's claims should be dismissed.

19

20

_____

21  [17] For example, if a court in Saudi Arabia (or the UAE) were to find for Plaintiff, he could then
    proceed on his claims against the remaining defendants. If, however, it is determined that the

22  Barajoun Defendants own the rights to the Bilal Properties or that the Picture does not infringe any
    rights held by Plaintiff, such a finding would bar Plaintiff's claims against the remaining defendants.

23  Either way, the threshold issue of the ownership of the rights in and to the Bilal Properties and the
    allegedly infringing nature of the Picture should first be heard in Saudi Arabia or the UAE.

24  [18] The declarations submitted by Plaintiff's counsel, Michael S. Traylor, in connection with the
    Proofs of Service falsely state that the summons and complaint were served "by first-class mail

25  certified with a return receipt requested…" [Dkt. No. 37 at p. 4; Dkt No. 38 at p. 4.] That statement
    is at odds with the materials attached as Exhibit A to the respective Proofs of Service, which show

26  that the mailings were made by registered mail and that Mr. Traylor did ***not*** request a return receipt
    or signature upon delivery. [Dkt. No. 37 at p. 6; Dkt No. 38 at p. 6.] Moreover, contrary to Mr.

27  Traylor's sworn declaration, the mailing was not "signed for." Nor could it have been; it was sent
    to an unmonitored P.O. Box. [Jamal Decl. ¶ 19.]

28  [19] *See also Artec Group, Inc. v. Klimov*, 186 F.Supp.3d 1002, 1012-1013 (N.D. Cal. 2006); *Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, 2009 WL 1658017, *7-9 (S.D. Tex. June 12, 2009).

1

Dated: April 23, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3                                              By     _____
                                                              */s/ Dylan J. Price*
4                                                        JAMES M. CHADWICK
                                                         DYLAN J. PRICE
5                                              Attorneys for Specially-Appearing Defendants
                                               BARAJOUN ENTERTAINMENT AND
6                                              AYMAN JAMAL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28