1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15

| | |
|---|---|
| IBRAHEEM ABBAS, | Case No.: 2:18-cv-7399-CBM-AFM |
|     Plaintiff, | |
| vs. | **ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS; ORDER RE MOTION FOR SANCTIONS** |
| VERTICAL ENTERTAINMENT, LLC, et al., | |
|     Defendants. | [72,88] |

16
17
18
19
20
21
22

Before the Court is: (1) a motion for judgement on the pleadings filed by Vertical Entertainment, LLC and Resnick Interactive Development, LLC (collectively, "Defendants"), which is joined by Defendant Lakeshore Records LLC, and (2) Barajoun Entertainment FZ LLC and Ayman Jamal's (collectively, Barajoun) motion for sanctions. joined the motion for judgment on the pleadings.

**I. BACKGROUND**

23
24

**A.     Facts**

25
26
27

Ibraheem Abbas alleges that he is the owner and creator of *Bilal: A New Breed of Hero* ("*Bilal*"). Abbas sued the alleged infringers and other entities that purportedly participated in *Bilal's* release.

28

**B.**    **Moving Parties**

Vertical is a motion picture distributor who entered into a distribution licensing agreement with Barajoun to distribute *Bilal* in the United States and in Canada. (Dkt. No. 88-4 (Goldberg Decl.) ¶ 3.) That agreement designated Vertical as the sole and exclusive distributor of *Bilal*. (*Id.*) Vertical was not involved in the creation, development, or production of *Bilal*. (*Id.* ¶ 4.) Resnick is a media company who entered into a licensing agreement with Barajoun to provide post-production voiceover dialogue in connection with *Bilal's* copyrighted screenplay. (Dkt. No. 88-3 (Resnick Decl.) ¶ 3.) Resnick was not involved in the creation, development, or production of *Bilal*. (*Id.* ¶ 4.)

The motion for sanctions is brought by Barajoun and Jamal. These parties were previously dismissed based on lack of personal jurisdiction. (Dkt. No. 82.)

## II. JURISDICTION

The Court has jurisdiction over this action under the Copyright Act.

## III. LEGAL STANDARD

In ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court "inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009)). A motion for judgment on the pleadings may be based on either a lack of cognizable legal theory or the absence of sufficient facts. *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). In a motion for judgment on the pleadings for failure to state a claim, the Court accepts as true all well-pleaded allegations of material fact and construes them in the light most favorable to the non-moving party. *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013). The Court may also consider facts contained in materials properly the subject of judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

# IV. DISCUSSION

## A.      Requests for Judicial Notice

Rule 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants request the Court to take judicial notice of several documents. Exhibits F, G, and K, are records from a prior dispute adjudicated in the Saudi Arabian judicial system regarding *Bilal* that involved these parties. The requests are **GRANTED**. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a district court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue"); *see also, e.g., Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 952 (N.D. Cal. 2015) (taking judicial notice of foreign court documents). Exhibits L–P, T, and W, are copies of records maintained in the Copyright Office. These requests are **GRANTED**. *See Newt v. Twentieth Century Fox Film Corp.*, No. 15-cv-02778-CBM-JPRx, 2016 WL 4059691, *2–3 (C.D. Cal. July 27, 2016) (taking judicial notice of relevant copyright registrations and deposit copy of works); *United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014) ("[T]he court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies."). However, Exhibits Q–S are comparison charts that Defendants claim were created from materials obtained from the Copyright Office. Because the source that created these comparisons is unclear, the request for judicial notice of these exhibits is **DENIED**.

1    **B.**    **Statute of Limitations**

2        All civil actions under the Copyright Act must be brought "within three years

3    after the claim accrued." 17 U.S.C. § 507(b). "When a claim accrues depends on the

4    nature of the copyright claim." *Seven Arts Filmed Entm't Ltd. v. Content Media*

5    *Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). For ordinary copyright

6    infringement claims, *i.e.* where ownership is not in dispute, "each new infringing

7    act causes a new claim to accrue" and so the action must be brought within three

8    years of an alleged act of infringement. *Id.* The claim against Defendants, however,

9    turns on whether Abbas can establish ownership of *Bilal* rather than on

10   infringement; in fact, the moving defendants admit that they distributed *Bilal* but

11   defend their purportedly infringing acts by contending that Abbas is not the owner

12   of the film. *Compare Seven Arts*, 733 F.3d at 1254 ("[Defendant] concedes it is

13   exploiting the pictures, but denies that [plaintiff] owns the copyrights."), *with* (Dkt.

14   No. 15 (Vertical Answer) ¶ 4 (admitting distribution of *Bilal*)), *and* (Dkt. No. 18

15   (Resnick Answer) ¶ 6 (admitting distribution of *Bilal*)). Thus, the Court finds the

16   dispute in this case centers on the issue of ownership. Where ownership is in dispute,

17   "claims of co-ownership . . . accrue only once, 'when plain and express repudiation

18   of co-ownership is communicated to the claimant[.]'" *Seven Arts*, 733 F.3d at 1254

19   (citing *Zuill v. Shanahan,* 80 F.3d 1366, 1369 (9th Cir. 1996)); *see also*

20   *Aalmuhammed v. Lee*, 202 F.3d 1127, 1230–31 (9th Cir. 2000) ("Because creation

21   rather than infringement is the gravamen of an authorship claim, the claim accrues

22   on account of creation, not subsequent infringement, and is barred three years from

23   'plain and express repudiation' of authorship."). Here, the statute of limitations ran

24   from the point Abbas was aware Defendants denied his ownership claim to *Bilal*.

25   *See, e.g.*, *White v. Warner-Tamerlane Publ'g Corp.*, No. CV 16-5831 PSG (JEMx),

26   2017 WL 4685542, at *3 (C.D. Cal. May 22, 2017) (noting Defendant repudiated

27   ownership interest in a movie by continuing to pay royalties to a distributor even

28   after Plaintiff demanded payment). That occurred on June 5, 2015, when Barajoun

4

1    filed suit against Abbas in Saudi Arabia and claimed ownership of *Bilal*. (Dkt. No.

2    56-3 (Metawea Decl.) ¶ 10.) This lawsuit was filed on August 23, 2018, or more

3    than three years later. Accordingly, Abbas's claims are barred by the statute of

4    limitations. The Motion for Judgment on the Pleadings is **GRANTED**.

5    **C.    Sanctions**

6         Barajoun moves for sanctions contending that: (1) the complaint is frivolous,

7    and (2) Abbas made an allegation that he knew or should have known was false.

8         **1.    Governing Law**

9         Rule 11 states that "[b]y presenting to the court a pleading, written motion,

10   or other paper . . . an attorney . . . certifies that to the best of the person's knowledge,

11   information, and belief, formed after an inquiry reasonable under the circumstances:

12   (1) it is not being presented for any improper purpose, such as to harass, cause

13   unnecessary delay, or needlessly increase the cost of litigation; [and] (3) the factual

14   contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b). Under Rule 11,

15   "[s]anctions should be imposed if (1) 'after reasonable inquiry, a competent attorney

16   could not form a reasonable belief that the pleading or other paper is well grounded

17   in fact and is warranted by existing law or a good faith argument for the extension,

18   modification or reversal of existing law' or if (2) 'a pleading or other paper has been

19   interposed for any improper purpose.'" *Golden Eagle Distrib. Corp. v. Burroughs*

20   *Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986) (citing *Eastway Constr. Corp. v. City of*

21   *New York*, 762 F.2d 243, 254 (2d Cir. 1985)) (internal punctuation omitted).

22        **2.    Motion for Sanctions**

23             **a.    Frivolous Claims**

24        The motion for sanctions first attacks the merits of Abbas's claims and then

25   contends that the complaint is frivolous and devoid of merit. In particular, Barajoun

26   reasserts the arguments it made in its prior motion to dismiss and contends Abbas's

27   Counsel should be sanctioned for filing the complaint. However, these arguments,

28   although they may expose weaknesses in Abbas's case, do not demonstrate that

"after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading or other paper is well grounded in fact and is warranted by existing law[.]" *Golden Eagle*, 801 F.2d at 1537. Therefore, the Court **DENIES** the motion to sanction based on purported frivolous claims.

### b.     False Statement Regarding Jurisdiction

Barajoun then contends that Abbas made a false statement of jurisdiction in the complaint regarding Barajoun and Jamal's place of residence. The complaint states that "Jamal is an individual who is believed to be a citizen of Saudi Arabia and *a resident of the County of Los Angeles, State of California*" and that "Barajoun Entertainment . . . *has a principal place of business in County of Los Angeles, State of California.*" (Dkt. No. 1 (Compl.) ¶ 5 (emphasis added).) These allegations are undisputedly false. Both Jamal and Barajoun reside in Dubai and never maintained a residence or business location in Los Angeles. (*See* Dkt. No. 56-2 (Jamal Decl.) ¶¶ 3–4.) Abbas, in fact, had many contacts and business dealing with Barajoun—all occurring in the Middle East. (*Id.* ¶ 8.) Also, a simple search of public records would confirm Barajoun's foreign address. The copyright filed by Barajoun for *Bilal* lists the domicile of the company at an address in Dubai. (*See* Dkt. No. 56-9 at *20.) And a public search of Barajoun's website (which is in English) describes the company as "based in Dubai, UAE." (Dkt. No. 72 (Chadwick Decl.) ¶ 5.) Even more concerning, there is evidence that Abbas's counsel knew these facts prior to his filing of the complaint. The cease-and-desist letter sent by Abbas and signed by his counsel in March 2018 listed Jamal's address and Barajoun's address as located in Dubai, UAE. (Chadwick Decl. Ex. C.)

Abbas's sole response is that Barajoun "cannot establish that Plaintiff's counsel did not conduct a reasonable and competent inquiry before signing and filing the complaint." The accompanying declaration from Abbas's counsel states:

> Upon good faith information and belief, it became my understanding that . . . Mr. Jamal and Barajoun were operating in the State of

California, County of Los Angeles in an effort to engage in other film productions. I have a good faith belief that Mr. Jamal and Barajoun continue to operate, enter into agreements and otherwise seek the benefits of the County of Los Angeles and the State of California.

These operations include, according to the declaration, "enter[ing] into agreements with various individuals and businesses who are located in the County of Los Angeles[.]" Abbas's responses are unavailing. He does not explain how his understanding of the residences of Jamal and Barajoun changed from March 2018 (when he stated in the cease-and-desist letter that they resided in Dubai) to August 2018 (when he stated in the complaint they resided in Los Angeles). Further, Abbas claims his understanding arose from his good-faith belief that they were doing business in Los Angeles; but doing business here does not mean that they resided here or had their principal place of business here. In sum, Abbas's explanations fail to overcome the clear evidence of bad faith and a failure to adequately investigate the allegations. *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). The motion for sanctions based on the false jurisdictional allegation is **GRANTED**.

## V. CONCLUSION

The complaint is time-barred and, therefore, is **DISMISSED WITH PREJUDICE**. Although Defendant Jeridoo Universe AG did not join the motion, the Court's also dismisses Jeridoo based on the statute of limitations. *See Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

The motion for sanctions is **GRANTED**. Abbas's Counsel is ordered to pay the attorney's fees and costs that Barajoun and Jamal incurred for the motion to

7

dismiss based on personal jurisdiction. Barajoun and Jamal are ordered to file papers and supporting evidence that proposes a "lodestar method" calculation for attorney's fees **no later than August 30, 2019**. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 797–98 (2002); *Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008). Abbas may file, if he so chooses, an opposition **no later than September 6, 2019**.

**IT IS SO ORDERED.**

DATED: August 19, 2019

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE