**Michael S. Traylor  (SBN 136814)**
**Traylor Law Office, PC**
**8601 Lincoln Blvd. 180**
**Suite 525**
**Los Angeles, CA. 90045**
**(310) 401-6610 ph**
**(661) 480-1200 fax**
**Attorney for Plaintiff Ibraheem Abbas**

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DISTRICT

|  |  |
|---|---|
| **IBRAHEEM ABBAS** | **Case No.  2:18-CV-07399-CBM-AFM** |
| **Plaintiff** | |
| **vs.** | **PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY FEES** |
| **VERTICAL ENTERTAINMENT, LLC., AYMAN JAMAL, BARAJOUN ENTERTAINMENT, RESNICK INTERACTICE DEVELOPMENT, LLC., CRIMSON MULTIMEDIA, LTD., GULF FILM, LLC., HUM NETWORK, LTD., CRYSTALSKY MULTIMEDIA MARKETING, INC., JERIDOO UNIVERSE AG, MOVEMENT PICTURES,  SUN DISTRIBUTION GROUP, TIME-IN-PORTRAIT ENTERTAINMENT, LAKESHORE RECORDS, LLC. ET AL.** | DATE: October 1, 2019<br>TIME: 10:00 a.m.<br>PLACE: COURTROOM 8B<br>JUDGE: HON. CONSUELO MARSHALL |
| **Defendants.** | |

# **TABLE OF CONTENTS**

PAGE

*TABLE OF CONTENTS*                                                                      *i*

*TABLE OF AUTHORITIES*                                                            *iii*
    *Cases*                                                                              *iii*
    *Statutes and Rules*                                                       *iii*
    *Treatises*                                                                       *iv*

*POINTS AND AUTHORITIES*                                                    *1*

**I. INTRODUCTION**                                                                   2

**II. ARGUMENT**                                                                         2

    A.  The Award of Attorney Fees Is Discretionary And
    Should Not Be Granted in this Action.                             2

    B. The Barajoun Defendants Lack Standing to

    Seek Attorney Fees.                                                          4

    C.  The Requested Fees Are Not Reasonable.              5

    D. Defendants Have Not Sufficiently Established the
    Basis for the Fee Amount.                                              5

**III. CONCLUSION**                                                                  7

# TABLE OF AUTHORITIES

Page

**Cases:**

*Fogerty v. Fantasy, Inc.* ("*Fogerty*"), 510 U.S. 517, 534 n.19,
114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)                                    3

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985,
1989, 195 L. Ed. 2d 368 (2016)                                               3

[Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3rd Cir. 1986)
only as quoted in *Fogerty, supra*.]                                         3

*Pangang Grp. Steel Vanadium & Titanium Co. v. United
States Dist. Court*, 901 F.3d 1046, 1058 (9th Cir. 2018)                     4

*Republic Int'l Corp. v. Amco Eng'rs, Inc.*, 516 F.2d 161, 165
(9th Cir. 1975).                                                             4

*Shame on You Prods. v. Banks*, 893 F.3d 661, 665-66 (9th Cir. 2018)  3

**Statutes, Rules and Regulations:**

17 U.S.C. § 505                                                              2

FRCP, Rule 12.                                                               4

FRCP, Rule 12(b)                                                            4

**<u>Treatises:</u>**

Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1344 (3d ed. 2004)]                                        4

**Michael S. Traylor  (SBN 136814)**
**Traylor Law Office, PC**
**8601 Lincoln Blvd. 180**
**Suite 525**
**Los Angeles, CA. 90045**
**(310) 401-6610 ph**
**(661) 480-1200 fax**
**Attorney for Plaintiff Ibraheem Abbas**

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DISTRICT

| | |
|---|---|
| **IBRAHEEM ABBAS**<br><br>　　　　　　**Plaintiff**<br><br>　**vs.**<br><br><br>**VERTICAL ENTERTAINMENT, LLC., AYMAN JAMAL, BARAJOUN ENTERTAINMENT, RESNICK INTERACTICE DEVELOPMENT, LLC., CRIMSON MULTIMEDIA, LTD., GULF FILM, LLC., HUM NETWORK, LTD., CRYSTALSKY MULTIMEDIA MARKETING, INC., JERIDOO UNIVERSE AG, MOVEMENT PICTURES,  SUN DISTRIBUTION GROUP, TIME-IN-PORTRAIT ENTERTAINMENT, LAKESHORE RECORDS, LLC. ET AL.**<br><br><br>　　　　　　**Defendants.** | **Case No.  2:18-CV-07399-CBM-AFM**<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY FEES**<br><br><br>DATE: October 1, 2019<br>TIME: 10:00 a.m.<br>PLACE: COURTROOM 8B<br>JUDGE: HON. CONSUELO MARSHALL |

**PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY FEES**

1

COMES NOW, Michael S. Traylor, Esq. (counsel for Plaintiff Ibraheem Abbas) in opposition to the Motion for Attorney Fees filed by the Barajoun Defendants (Ayman Jamal and Barajoun Entertainment).

## I. INTRODUCTION

This action is one for copyright infringement based upon the internationally-released motion picture, <u>Bilal: A New Breed of Hero</u> (the "Film" or the "Motion Picture"). The Court recently granted dismissed the matter on the proffered grounds that the statute of limitations had elapsed. The Defendants now seek the award of discretionary attorney fees under Section 505 of the Copyright Act (17 U.S.C. § 505).

Plaintiff opposes the requested relief and disputes the amount claimed by Defendants.

## II. ARGUMENT

### A.  The Award of Attorney Fees Is Discretionary And Should Not Be Granted in this Action.

The award of costs and attorney's fees under 17 U.S.C. § 505 is totally discretionary. The District Court is under no obligation to award such fees. In 1994, the Supreme Court approved of "several nonexclusive factors that courts should consider in making awards of attorney's fees" pursuant to § 505. These factors included "'frivolousness, motivation, objective unreasonableness (both in the factual

and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence' . . . so long as such factors are faithful to the purposes of the Copyright Act." *Fogerty v. Fantasy, Inc*. ("*Fogerty*"), 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3rd Cir. 1986)). In 2016, the Court, "seeing a need for some additional guidance respecting the application of § 505," emphasized that a court should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all other relevant factors." *Kirtsaeng v. John Wiley & Sons, Inc*., 136 S. Ct. 1979, 1985, 1989, 195 L. Ed. 2d 368 (2016). See also, *Shame on You Prods. v. Banks*, 893 F.3d 661, 665-66 (9th Cir. 2018).

In light of these factors, fees and costs should not be awarded to the Defendants.  While the Court faulted Plaintiff's counsel regarding the award of sanctions in connection with the allegations of personal jurisdiction; this was clearly outside of the scope of the individual Plaintiff's motivations and objectives. Similarly, the complexity of the statute of limitations issue, where the normally-applied date of alleged infringement was not the trigger, is something that the Plaintiff could not be expected to appreciate.

Clearly the Supreme Court has focused on deterrence and punitive motivations in limiting and defining the instances where fees and costs should be awarded. The award should not be used as a pat-on-the-back for a successful party; but as a true deterrent to individual litigants. Plaintiff is not in need of a harsher lesson. Defendants self-serving assertions of "greed" are not a basis upon which an entitlement of attorney fees can be granted. Additionally, none of the facts in this case suggest any "greed" or other improper motive by Plaintiff.

None of the factors listed in *Fogerty* apply. Plaintiff's position is strengthened by the fact that the loss was on more technical, procedural issues and not based on a

finding that Plaintiff was not the true owner of the infringed copyright and/or that Defendants' conduct was lawful.  Despite a request for over $360,000 in legal fees; the substantive merits (which could be imputed to Plaintiff) were never reached.

No argument can be made here that Mr. Abbas was being "frivolous" or "unreasonable" in his pursuits. He is not a vexatious litigant who needs to be further deterred. Accordingly, before this Court is not a litigant who should be punished, as is requested by the Defendants.

**B. The Barajoun Defendants Lack Standing to Seek Attorney Fees.**

Most of the litigation involved disputes regarding the Court's jurisdiction over and Plaintiff's interactions with Defendants' Ayman Jamal and Barajoun Entertainment (the "Barajoun Defendants"). Volumes of evidence was submitted regarding an unrelated dispute in Saudi Arabia. It is noteworthy that these Barajoun Defendants only purported to have "specially appeared" and have successfully pleaded that they are beyond the reach of the Court's jurisdictional powers. It is therefore both ironic and contrary to their victorious legal position that they now seek to utilize the Court's power to their benefit.

The traditional "special appearance" has been superseded by FRCP, Rule 12. *Pangang Grp. Steel Vanadium & Titanium Co. v. United States Dist. Court*, 901 F.3d 1046, 1058 (9th Cir. 2018.  *Republic Int'l Corp. v. Amco Eng'rs, Inc*., 516 F.2d 161, 165 (9th Cir. 1975).  [See also, Fed. R. Civ. P. 12(b); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed. 2004)].

Accordingly, the Barajoun Defendants' request should not be considered. In light of nearly the entire quantity of work being devoted to the Barajoun Defendants; the motion should be denied and the fees disallowed.

**PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY FEES**

4

1

2 **C.  The Requested Fees Are Not Reasonable.**

3

4        If even it were justiciable for Defendants to be awarded fees/costs (which it is

5 not); the statutory language of § 505 authorizes only an award of reasonable attorney

6 fees, not the actual fees between attorney and client. The amount of such fees should

7 be based upon the reasonable value of the services rendered without adding any

8 additional amount by way of penalty. 3 Nimmer & Nimmer, § 14.10[C], at 14-126.

9 The prevailing party bears the burden of demonstrating the time spent and that it was

10 reasonably necessary. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc*., 886 F.2d

11 1545, 1557 (9th Cir. 1989), cert. denied, 494 U.S. 1017, 108 L. Ed. 2d 496, 110 S. Ct.

12 1321 (1990).

13        Quite simply, the alleged fees are exorbitant.  Exhibit A (filed simultaneously

14 herewith and incorporated herein by this reference) contains the relevant appendices

15 from the Clio 2018 Legal Trends Report[1] which shows the applicable rates for the

16 services claimed are heavy fractions of the rates claimed by the Defendants. The

17 average rates for intellectual property litigation in the State of California are $311 per

18 hour and slightly higher for Intellectual Property matters. (See highlighted sections).

19 Defendants contend that the rates for the persons who worked the most on the case

20 range from $615 - $895 per hour (See Declaration of James Chadwick attached to the

21 moving papers at Par. 11, page 4, lines 8-18.  The rates cited by Defendants' counsel

22 are well above the reasonable standard.

23

24 **D. Defendants Have Not Sufficiently Established the Basis for the Fee**

25 **Amount.**

26

27 ───────────────────────

28 [1] Legal Trends Report 2018,  https://www.clio.com/wp-content/uploads/2018/10/Legal-Trends-Report-2018.pdf

Mr. Chadwick's declaration is self-limiting. Paragraph 2 thereof specifically (and only) limits the statements contained therein to the Barajoun Defendants. Not only do the specially-appearing Barajoun Defendants' have no standing; but by limiting the scope of the declaration, the other appearing Defendants' cannot rely upon Mr. Chadwick's statements or evidence. Accordingly, no fees should be awarded even if the Court determined, in its discretion, that an award of fees/costs was proper.

Additionally, the Barajoun Defendants' counsel has not provided sufficient foundation upon which the requested fees ($360,000+) can be awarded. Defendants' counsel evade the issue of whether or not the fees being requested are actually being charged to the Barajoun Defendants.  Apparently, Defendants' law firm provides for a variety of billing structures (See Exhibit B hereto which is being filed simultaneously herewith and is incorporated herein by this reference) which could be applicable to the Barajoun Defendants and result in a significantly, lesser amount. In any event, the amounts chargeable to the Barajoun Defendants are not specifically identified. Defendants simply list every action taken in connection with the case. The Declaration of Mr. Chadwick is aloof about whether or not an hourly rate (and these excessive hourly rates) are truly what the Barajoun Defendants are obligated to pay.

Simply listing every potential billable minute is not the standard in the Ninth Circuit. The Court may adjust the claimed maximum fee significantly and is not required to rely on the lodestar amount.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975).  The sum of $360,000+ for a case which was dismissed on statute of limitations grounds is extreme.  The possibility of adjustments to the lodestar amount necessitates an analysis of various factors that could justify an adjustment.

### III. CONCLUSION

Based upon the foregoing, Plaintiff request that the Court utilize its discretion and not award attorney fees. Again, Plaintiff did not pursue this matter frivolously and was unsuccessful due to more technical issues beyond a lay-person's knowledge.

Should the Court decide that attorney fees and costs are appropriate, the amount awarded should be $0.00 based upon the foregoing arguments.

DATED: SEPTEMBER 9, 2019                    RESPECTFULLY SUBMITTED

                                           *//s Michael S. Traylor*

                                           Michael S. Traylor, Esq.

                                           Attorney for Plaintiff

DECLARATION OF MICHAEL S. TRAYLOR IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEY FEES

I, Michael S. Traylor, do hereby certify, affirm, declare and testify as follows:

1. I am the attorney of record for the Plaintiff in the within matter. If called to testify, I would competently testify to the foregoing.

2.  Exhibit A  hereto is a true and correct copies of relevant excerpts from the Clio 2018 Legal Trends Report which set forth statistical information about the practice of law and (specifically) average billing rates.

3. Exhibit B hereto is a true and correct copy of information from U.S. News (and World Report) which sets forth a wide variety of billing options for the law firm utilized by the specially-appearing, Barajoun Defendants.

The foregoing is true and correct and based upon my personal knowledge.  If called to testify, I would competently testify to the foregoing. I make this declaration under penalty of perjury of the laws of the State of California.

Dated this 9th day of September, 2019.

*//s  Michael S. Traylor*

Michael S. Traylor, Esq.
Attorney for Plaintiff
Declarant